UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISAVGI SOURGOUTSIS, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No.: 1:16-cv-1096 (KBJ/RMM) <br> ) |
| UNITED STATES CAPITOL POLICE, | ) <br> ) |
| Defendant. | ) <br> ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant, the United States Capitol Police's ("USCP"), request that the Court enforce the Stipulated Protective Order, approved in edited form by the Honorable Ketanji Brown Jackson on February 24, 2017. *See* Def.'s Mot. to Enforce Protective Order and for Sanctions ("Def.'s Mot."), ECF No. 36; *see also* Order ("Protective Order"), ECF No. 12 (docket text directing parties to edits in Paragraphs 10 and 13). The USCP seeks the redaction of certain information filed as part of Plaintiff Chrisavgi Sourgoutsis's ("Plaintiff" or "Ms. Sourgoutsis") Motion for Partial Summary Judgment on Defendant's Third and Fourth Affirmative Defenses. *See* Def.'s Mot. ¶¶ 6–8; *see also* Pl.'s Mot. Partial Summ. J. ("Pl.'s Mot. Summ. J."), ECF No. 29. United States District Judge Ketanji Brown Jackson referred the USCP's Motion to Enforce Protective Order and for Sanctions ("Motion to Enforce") to the undersigned Magistrate Judge for resolution. *See* 11/16/17 Minute Order. Having considered the parties' submissions and attachments thereto, the Court GRANTS the USCP's Motion to Enforce.[1]

---

[1] Although the header to the USCP's Motion to Enforce includes the words, "and for Sanctions," the USCP neither addresses its request for sanctions in its briefing, nor includes the

## BACKGROUND

The factual background underlying this case has previously been set forth in *Sourgoutsis v. United States Capitol Police*, 323 F.R.D. 100 (D.D.C. 2017). The Court incorporates that factual background here by reference. *Sourgoutsis*, 323 F.R.D. at 104.

The current dispute arises out of information included in Ms. Sourgoutsis's Motion for Partial Summary Judgment filed on October 20, 2017. *See* Def.'s Mot. ¶ 4. On October 23, 2017, counsel for the USCP notified Plaintiff's counsel that her filing contained information identified as confidential under the Protective Order. *See id.* ¶ 5; Pl.'s Opp'n to Def.'s Mot. ("Pl.'s Opp'n") at 1, ECF No. 41; *see also* Def.'s Reply in Supp. of Def.'s Mot. ("Def.'s Reply"), Ex. 1 ("Scindian Decl.") at 5, ECF No. 44-1.[2] On October 25, 2017, the parties conferred on the matter, and Plaintiff agreed to make redactions. *See* Def.'s Mot. ¶¶ 6–7; Pl.'s Opp'n at 1. Upon review of Plaintiff's proposed redactions, on October 27, 2017, the USCP identified three additional paragraphs in Exhibit 12 — paragraphs 18, 26, and 28 — that required redaction. Scindian Decl. ¶ 5 & at 11–12 (Ex. 2). Likewise on October 30, 2017, the USCP identified three more paragraphs for redaction in Plaintiff's Brief in Support of Motion for Partial Summary Judgment, specifically in the Brief's Statement of Undisputed Facts — Paragraphs 42, 43, and 44. Scindian Decl. ¶ 6 & at 14–17 (Ex. 3); *see also* Def.'s Mot. ¶ 7.

On October 30, 2017, Ms. Sourgoutsis filed a Motion to Substitute to replace the previously-filed versions of Exhibits 8 and 12. Mot. to Substitute Docket Nos. 29-10 and 29-14 ("Pl.'s Mot. to Substitute") ¶ 4, ECF No. 34. That motion indicated that the parties disagreed

---

sanctions sought in its Proposed Order. Accordingly, the request for sanctions was not briefed and the Court will not consider it in this Memorandum Opinion and Order.

[2] Page numbers cited in this Report and Recommendation reference the ECF page numbers present in the header of the document.

about additional redactions in Exhibit 12.  *See* Pl.'s Mot. to Substitute at 1 n.1.  The Court granted the Motion to Substitute.  S*ee* 10/31/17 Minute Order.

The USCP subsequently filed the instant Motion to Enforce Protective Order and for Sanctions, alleging that Ms. Sourgoutsis's filings included information designated as confidential, contrary to the procedures established in the Protective Order.  *See* Def.'s Mot. ¶¶ 6–8.  In her opposition, Ms. Sourgoutsis principally asserted that there was no basis to apply the protective order's confidentiality requirement to "**all** deposition transcripts and exhibits."  Pl.'s Opp'n at 4.  Ms. Sourgoutsis also argued that the parties had agreed to protect as confidential only certain information, such as names of comparator employees, "despite the language of the protective order."  *Id.* at 1.  The USCP filed a reply.  *See generally* Def.'s Reply, ECF No. 44.  The matter is ripe for resolution.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that "for good cause" a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  FED. R. CIV. P. 26(c)(1).  The Court "has inherent power to enforce its own lawful orders."  *Adem v. Bush,* No. 05-723 (RWR)(AK), 2006 WL 1193853, at *8 (D.D.C. Apr. 28, 2006).  That power permits the Court to interpret the terms of a court-issued protective order.  *See id.*

## DISCUSSION

The parties have not clearly identified the precise statements that are within the scope of their dispute.  However, based on the briefing, proposed order, and the attachments to the USCP's Reply, the Court has determined that the parties dispute whether the filings cited below contain information that must be treated as confidential under the Protective Order:

In the Statement of Undisputed Facts of Plaintiff's Brief in Support of Motion for Partial Summary Judgment, ECF No. 29-1:

- Paragraph 42
- Paragraph 43
- Paragraph 44

In Plaintiff's Exhibit 12 to its Motion for Partial Summary Judgment, ECF No. 29-14:

- Paragraph 18[3]
- Paragraph 26
- Paragraph 28

### I. Protective Order Confidentiality Provisions

The parties' Stipulated Protective Order contains two provisions governing the designation of "documents and/or information communicated, produced, and/or received" as confidential: Paragraph One and Paragraph Two. Protective Order at 2 & ¶¶ 1–2. Paragraph One provides that information produced under Rules 26, 33, 34, and 36 — which includes expert discovery, interrogatories, requests for production, and admissions — "may" be designated as confidential if it falls under one of five categories. *Id.* ¶¶ 1, 1.a.–e; *see generally* FED. R. CIV. P. 26, 33, 34, 36. In contrast, Paragraph Two provides that "[a]ll testimony, exhibits, or other materials provided pursuant to Rules 30 or 31," *i.e.*, as part of an oral or written deposition, "*shall* be treated as CONFIDENTIAL." Protective Order ¶ 2 (emphasis added); *see generally* FED. R. CIV. P. 30, 31.

The USCP contends that Plaintiff's Motion included deposition testimony and exhibits that should have been handled in accordance with the Protective Order's confidentiality

---

[3] While neither expressly identified in USCP's brief nor in its Proposed Order, the Court includes Paragraph 18 as contested based on the email provided in Exhibit 2 to the Scindian Declaration in Defendant's Reply. *See* Scindian Decl., Ex. 2 (Friday, October 27, 2017, 3:37 PM email from Kelly M. Scindian to Anita Mazumdar Chambers).

provisions, thereby implying that the disputed text constitutes or was derived from deposition testimony and exhibits.  *See* Def.'s Mot. ¶ 4.  However, the disputed filings contain no indicia that they originated in deposition testimony or deposition exhibits.  Paragraphs 42 through 44 of the Statement of Undisputed Facts cite to Plaintiff's Exhibits 8 and 9, and neither exhibit has been identified as a deposition exhibit.  *See* Pl.'s Br. in Supp. of Mot. for Partial Summ. J. ("Pl.'s MSJ Br."), ECF No. 29-1, at 13 (Statement of Undisputed Facts ¶¶ 42–44).  Plaintiff's Exhibit 12 is the declaration of a USCP officer, and neither the disputed paragraphs nor the remainder of the declaration purport to be based on deposition testimony or exhibits.  *See* Pl.'s Mot. Summ. J., Ex. 12, ECF No. 29-14; *see generally* Pl.'s MSJ Br. at 4 (Exhibit List identifying Exhibit 12 as declaration without referencing deposition).  Ms. Sourgoutsis neither confirms nor denies that the disputed text can be traced to a deposition, and her silence could be construed as a concession of that point.  *See* Pl.'s Opp'n at 1, 4 (asserting that not all deposition transcripts and exhibits should be deemed confidential and that USCP previously had agreed with that proposition).  However, given both parties' failure to clearly identify the origin of the disputed text, the Court will not assume, based on Plaintiff's apparent concession, that the disputed text is based on deposition transcripts or testimony and thus governed by Paragraph Two.  Instead, to resolve this motion, the Court will consider the applicability of the discretionary confidential designation under Protective Order Paragraph One and the mandatory confidential designation under Paragraph Two.

## II. Paragraph Two of the Protective Order Clearly Requires that Deposition Testimony and Exhibits be Designated as Confidential

The parties dispute whether Paragraph Two requires that all deposition testimony and deposition exhibits be designated as confidential.  The USCP contends that it does and asks the Court to enforce the Protective Order as written.  *See* Def.'s Reply at 4–5; *see generally* Def.'s

5

Mot. Ms. Sourgoutsis, in contrast, argues that treating all deposition testimony and exhibits as confidential would constitute an "over-designation" of confidential information. Pl.'s Opp'n at 4.

The Court's interpretation of the Protective Order begins with the plain language of the text, which is clear. *See Adem*, 2006 WL 1193853, at *4 & n.1 (citing cases) ("The starting point for interpreting a court order is the plain meaning of the text."). Paragraph Two states unequivocally:

> All testimony, exhibits, or other materials provided pursuant to Rules 30 or 31 of the Federal Rules of Civil Procedure shall be treated as CONFIDENTIAL pursuant to this Protective Order and may be redacted as necessary to maintain individual privacy, subject to in camera review by the Court or order of the Court.

Protective Order ¶ 2. Accordingly, the USCP's assertion that deposition testimony and exhibits must be designated as confidential tracks the plain language of the Protective Order, notwithstanding Plaintiff's complaint that this is a "narrowly literal application of the protective order's language." Pl.'s Opp'n at 4. Ms. Sourgoutsis also contends that the parties did not intend for the Protective Order to cover *all* deposition transcripts and exhibits. *See* Pl.'s Opp'n at 1–2. However, the USCP appears to contest this assertion, and the plain language of the Protective Order is so clear that it trumps any contrary intent expressed during the parties' negotiation of the language. *See* Def.'s Reply at 2–3; *Adem*, 2006 WL 1193853, *6 (noting that the parties' intentions do not control the interpretation of a protective order).

Applying the plain meaning of the Protective Order, Paragraph Two would clearly require that the disputed text be treated as confidential if that text originated in a deposition exhibit or transcript. Paragraphs 13 and 14 of the Protective Order contemplate that confidential material will be filed under seal or redacted. *See* Protective Order ¶¶ 13–14. The redaction

requirement references information that is "designated as 'CONFIDENTIAL' because it contains personal information or security sensitive information or documents, pleadings or transcripts that refer to such confidential personal information," and does not expressly address information designated as confidential due to it being deposition testimony or deposition exhibits. *See id.* ¶ 13. However, the Protective Order's omission of a reference to deposition testimony and exhibits does not require an inference that all deposition testimony and exhibits can be filed without redactions. Some deposition testimony and exhibits may implicate the types of concerns identified in Paragraph 13, and the USCP contends that the text at issue here contains sensitive information about internal investigations. *See* Def.'s Mot. at 2–3. Consequently, if the disputed text constitutes or is based on deposition testimony or a deposition exhibit, Plaintiff's decision to file it in unredacted form violates the Protective Order.

### III. If the Disputed Text was not a Deposition Exhibit or Based on a Deposition Transcript, Protective Order Paragraph One Nonetheless Required that it be Treated as Confidential

If the disputed text did not consist of deposition materials, it would be governed by the permissive confidentiality provisions in Protective Order Paragraph One. As noted, Paragraph One allows certain types of information produced in response to discovery under Rules 26, 33, 34, and 36 — *i.e.*, expert discovery, interrogatories, requests for production, and requests for admission — to be designated as confidential. *See* Protective Order ¶ 1. Given the presence of what appear to be Bates numbers on the documents containing the contested paragraphs, and in the absence of any contrary argument by the parties, the Court concludes that these materials were provided in discovery; thus, if the disputed text is not a deposition exhibit or based on a deposition transcript, it must have been produced pursuant to at least one of the rules to which Paragraph One applies.

Protective Order Paragraph One provides that information "may be designated as CONFIDENTIAL" if, in relevant part, it is

> c. Information or Documents related to parties and persons that relate to employment and/or disciplinary files;
>
> d. Any other information that a producing party considers reasonably and in good faith to contain information the public release of which would expose a person to embarrassment or oppression.

Protective Order ¶ 1. To implement such a designation, a party may stamp or otherwise mark a record as "CONFIDENTIAL" at the time of production, or "advise the receiving party in writing" of the failure to mark it at the time of production. *Id*. ¶ 5.

The USCP seeks to redact the name of a police officer and asserts that "[i]nformation concerning a police officer's discipline or internal investigations to which the police officer may be involved, may cause substantial harm to that police officer's reputation if made available to the public and/or limit the police officer's ability to do his/her job." Def.'s Mot. ¶ 9. That implicates categories 'c' and 'd' of Paragraph One. *See* Protective Order ¶ 1. Although the document from which the disputed text originates appears not to have been marked "CONFIDENTIAL" upon production, the USCP subsequently advised Plaintiff's counsel that it intended for this information to be designated as confidential. *See* Scindian Decl. ¶¶ 3–6 & Exs. 2–3.

Once the USCP provided notice that the disputed text was confidential, the Protective Order required that Ms. Sourgoutsis "thereafter treat the CONFIDENTIAL information as such." Protective Order ¶ 5. Information about internal investigations clearly constitutes "personal information" to which Paragraphs 13 and 14 apply. *See id*. ¶¶ 13–14. Consequently, the

8

USCP's request that these documents be treated as confidential precluded Plaintiff from filing them in unredacted form. *See* Protective Order ¶¶ 13–14.

The fact that the disputed text mirrors certain allegations from Plaintiff's complaint does not remove it from the scope of the Protective Order. Plaintiff has conceded that the disputed text constitutes or is based on information exchanged through discovery. Under the Protective Order, once the material has been designated confidential — either automatically under Paragraph Two or permissively under Paragraph One — it must be treated as such. *See id.* It is thus immaterial that Plaintiff included similar information as an allegation in the complaint prior to discovery.

In sum, the disputed text is covered by either Paragraph One or Paragraph Two, and both provisions require that the disputed text be redacted and treated as confidential. If either party believes that the Protective Order should be revised to cover narrower categories of information, it may file a motion asking that the Court modify the Stipulated Protective Order.[4] To the extent that either party may wish to use confidential information in open court, the parties must follow the procedures set forth in the Stipulated Protective Order. *See id.* ¶ 15.

## **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff shall re-file its Brief in Support of Motion for Partial Summary Judgment and Exhibit 12 to its Motion for Summary

---

[4] "Protective orders are not permanent or immutable and may be modified to serve important efficiency or fairness goals." *United States v. All Assets Held at Bank Julius Baer & Co.*, 312 F.R.D. 16, 19 (D.D.C. 2015) (quoting *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.*, No. Civ. 99-3298, 01-MS-50 (MDL)(RCL), 2004 WL 2009414, at *2 (D.D.C. May 17, 2004)). Accordingly, the Court would have discretion to modify the terms of a protective order, upon a finding of good cause. *See id.*; *Infineon Techs. AG v. Green Power Techs. Ltd.*, 247 F.R.D. 1, 2 (D.D.C. 2005).

Judgment and redact the following paragraphs to remove the identity of any individual subject to an internal investigation and/or alleged discipline, by no later than October 3, 2018:

> In the Statement of Undisputed Facts of Plaintiff's Brief in Support of Motion for Partial Summary Judgment, ECF No. 29-1:
> - Paragraph 42
> - Paragraph 43
> - Paragraph 44
>
> In Plaintiff's Exhibit 12 to its Motion for Partial Summary Judgment, originally filed at ECF No. 29-14, with such redactions to be made to the most recent version of the Exhibit filed with the Court:
> - Paragraph 18
> - Paragraph 26
> - Paragraph 28

In the interim, the unredacted version of these filings, located at ECF Nos. 34-3 and 37-1, shall be sealed and the Clerk of Court shall promptly remove the sealed material from the public docket.

**SO ORDERED.**

Dated: September 28, 2018

ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE