**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CHRISAVGI SOURGOUTSIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-CV-1096 (KBJ/RMM) |
| | ) | |
| UNITED STATES CAPITOL POLICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**BRIEF IN SUPPORT OF DEFENDANT UNITED STATES CAPITOL
POLICE'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS**

Defendant United States Capitol Police (the "USCP" or "Department) hereby submits its

brief in support of its objections to Plaintiff Chrisavgi Sourgoutsis' proposed disputed jury

instructions and in support of Defendant's alternative propose instruction.

**BACKGROUND**

Plaintiff Chrisavgi Sourgoutsis was appointed to the USCP as a Recruit Officer on May

11, 2014.  As a newly appointed employee, Plaintiff was on probation starting on the day of her

appointment and ending on November 14, 2015, one year from the date she graduated from the

USCP Academy.

Almost immediately upon appointment, Plaintiff demonstrated her inability or

unwillingness to comply with USCP rules.  Beginning in the first week of her six-month training

period and throughout her time at the Federal Law Enforcement Training Center ("FLETC") and

the USCP Training Academy, Plaintiff incurred numerous performance notes for multiple

violations of FLETC polices or USCP Training Academy Rules.

Plaintiff's pattern of rule breaking continued after she graduated from the USCP

Academy and became a sworn police officer.  On May 10, 2015, an official observed Plaintiff

1

working on post without her police uniform shirt and no outer garment or badge identifying her

as a police officer.  On May 11, 2015, an officer observed Plaintiff at an exterior access point to

the U.S. Capitol Building she was supposed to be securing sitting on a retaining wall in

conversation with a civilian.  The officer took a photograph of Plaintiff and immediately reported

the incident to an official.  Plaintiff received Command Discipline ("CP-534") for each of these

incidents.

Based on Plaintiff's demonstrated pattern of failing to comply with USCP rules, her

unwillingness to take responsibility for her actions, and her propensity to blame others for her

misconduct and minimize the significance of her actions, officials in Plaintiff's chain-of-

command recommended termination instead of retention at the end of Plaintiff's probationary

period.  Then Chief of Police Kim C. Dine concurred in the recommendation after a thorough

review of the facts.  The Capitol Police Board approved Plaintiff's termination and Plaintiff's

employment with the Department ended on December 31, 2015.

Plaintiff filed a complaint in this Court on June 13, 2016 challenging the termination as

unlawful under Sections 201 and 207 of the Congressional Accountability Act ("CAA").

Specifically, Plaintiff alleges that the Department discriminated against her when it

recommended her termination because she is a woman.  Plaintiff also alleges that the Department

retaliated against her for serving as a witness in an OPR investigation concerning a complaint

alleging that a supervisor created a hostile work environment in violation of the Department's

Anti-Discrimination and Anti-Harassment policy.

Plaintiff's complaint initially also challenged the personal performance notes and CP-

534s issued to Plaintiff under Section 201 of the CAA as discriminatory based on her gender, but

Plaintiff has since conceded that this claim is untimely as it was not asserted within 180 days of

the underlying events.  Thus, only two issues remain for trial: (1) whether the USCP discriminated against Plaintiff based on her gender when it moved to terminate her; or (2) whether the USCP retaliated against Plaintiff for being a witness in an OPR investigation when it moved to terminate her.

ARGUMENT

Plaintiff's proposed disputed jury instructions attempt to improperly tilt the playing field in Plaintiff's favor, confuse the jury, and omit instructions that are relevant to material, disputed issues in the case.

## I.  PLAINTIFF'S PROPOSED INSTRUCTION NO. 2: DIRECT AND INDIRECT EVIDENCE

Plaintiff's proposed instruction on direct and indirective evidence is ambiguous and confusing.  As an initial matter, the language is written in broad generalities and colloquialisms that make it difficult to follow, such as "generally speaking," "as a general rule," and "generally presented during a trial."

Further, although the instruction indicates that the law makes no distinction between the weight or value of either types of evidence, the instruction inordinately focuses on the weight of indirect evidence and instructs the jury as to how much weight to be given indirect evidence, which is inconsistent with the standard federal jury practice and instruction to which Plaintiff cites.  Those instructions specifically state that the jury is to decide how much weight to give any evidence.  3 Fed. Jury Prac. & Instr. § 101.42 (6th ed.).

## II.  PLAINTIFF'S PROPOSED INSTRUCTION NO. 3: PREPONDERANCE OF THE EVIDENCE

Plaintiff's proposed instruction on preponderance of the evidence is argumentative in favor of Plaintiff.  As an initial matter, in lieu of language stating that Plaintiff has the burden of proving every essential element of her claim, Plaintiff states that "Ms. Sourgoutsis has the

3

burden of proving her case by what is called the preponderance of the evidence." As this action concerns more than one claim, and each claim has several elements in dispute that each must be proven for the Department to be found liable, this omission is improper.

Moreover, Plaintiff seeks to minimize her burden by comparing it to that of a scale slightly tipping to one side. An analogy like this is more suited to opening arguments than jury instructions.

### III.  PLAINITFF'S PROPOSED INSTRUCTION NO. 4: INTRODUCTION TO TITLE VII

Plaintiff's proposed instruction No.4 is improper because it misstates the law governing Plaintiff's claims. The applicable statute in this matter is the Congressional Accountability Act, not Title VII.

Further, the instruction fails to appropriately state the only discrimination claim that it timely brought in this action. The instruction generally states "Ms. Chrisavgi Sourgoutsis claims USCP intentionally discriminated against her because of her gender." This instruction will not elucidate the jury as to the sole discrimination claim that is actionable, which is that Plaintiff claims USCP intentionally discriminated against her because of her gender when it terminated her employment.

### IV.  PLAINTIFF'S PROPOSED INSTRUCTION NO. 5: DISPARATE TREATMENT (MIXED MOTIVE)

Plaintiff's proposed instruction on causation for CAA disparate treatment misconstrues the applicable federal law because disparate treatment claims, including those brought under the CAA are subject to a "but-for" causation standard for claims asserting violations of 42 U.S.C. § 2000e-2(a)(1) as incorporated by 2 U.S.C. § 1311(a*). See Ponce v. Billington*, 679 F.3d 840, 844 (D.C. Cir. 2012). A complainant who successfully meets this burden pursuing a claim as to this

section is entitled to recover all applicable remedies set forth under 42 U.S.C. § 2000e-5(g) as incorporated by 2 U.S.C. § 1311(b). *Id.*

Plaintiff may also assert a mixed motive theory of discrimination under 42 U.S.C. § 2000e-2(m) as incorporated by 2 U.S.C. § 1311(a). *Id.* When asserting a mixed motive theory under this section of the Act, Plaintiff's remedies are limited to compensatory damages, declaratory relief, and specific types of injunctive relief to the extent the Department is able to show that it would have taken the purported discriminatory action anyway.

Plaintiff must identify which theory she is pursuing. While Plaintiff's jury instruction is described as mixed motive, it is missing any of the requisite elements of a mixed motive instruction. For example, Plaintiff plays down the burden regarding causation by contending that Plaintiff need only show that "gender played a motivating part in USCP's decision even though other factors may also have motivated USCP." The requisite test is that Plaintiff must show that her gender was "a factor motivating the adverse action." *Id.*

The instruction is also silent as to the USCP's affirmative defense.

## V.     PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6: TITLE VII RETALIATION

This instruction is improper because it is based on the incorrect statute. The CAA governs this action not Title VII.

Further this instruction fails to set forth the appropriate causation analysis. Plaintiff may meet her burden only if she demonstrates that but-for her protected activity, she would not have been terminated.

The instruction fails to indicate that establishing decision-maker knowledge is a prerequisite to a finding of liability on a retaliation claim.

Finally, the instruction is argumentative in that it instructs the jury that causation may be proved solely based on time, even if an extended passage of time has passed, which is inconsistent with case law in this Circuit.  Further, it suggests that a subjective "change in demeanor" towards Plaintiff is sufficient to establish retaliation.

## VI.  PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7: COMPENSATORY DAMAGES

This instruction contains facts not applicable to the current case.  Further it does not describe the limitation on compensatory awards in 2 U.S.C. § 1311(b)(1)(B).

## VII.  PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8: LOST WAGES

The jury should not receive instructions on lost wages as this is an equitable remedy determined by the judge.

## VIII.  PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9: STIPULATION OF FACT

The facts contained in this instruction have not been stipulated to by the parties.

### CONCLUSION

For all the foregoing reasons, the USCP respectfully requests that Plaintiff's disputed instructions not be submitted to the jury.  The USCP's proposed instructions, which are well-supported by the relevant case law, will substantially assist the jury during its deliberations.

Date: August 9, 2019

Respectfully submitted,

/s/ Kelly M. Scindian

Kelly M. Scindian #985787
Rafique O. Anderson #493243
Aaron M. Wilensky
Office of General Counsel
Employment Law Division
United States Capitol Police
119 D Street NE
Washington, DC 20510
Telephone: (202) 593-3619
Facsimile: (202) 593-4477

Kelly.Scindian@uscp.gov
Rafique.Anderson@uscp.gov
Aaron.Wilensky@uscp.gov

*Counsel for the United States Capitol Police*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CHRISAVGI SOURGOUTSIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-CV-1096 (KBJ/RMM) |
| | ) | |
| UNITED STATES CAPITOL POLICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## [PROPOSED] ORDER

Upon consideration of Defendant's BRIEF IN SUPPORT OF DEFENDANT UNITED

STATES CAPITOL POLICE'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY

INSTRUCTIONS and grounds in support or in opposition thereto, it is on this _____ day of

_____ _____, hereby ORDERED that the motion is Granted.

KETANJI BROWN JACKSON
UNITED STATES DISTRICT COURT JUDGE

8

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2019 I electronically filed the foregoing BRIEF IN

SUPPORT OF DEFENDANT UNITED STATES CAPITOL POLICE'S OBJECTIONS TO

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS with the Clerk of the Court for the United

States District Court for the District of Columbia, using the Court's CM/ECF system.  The

CM/ECF system sent a "Notice of Electronic Filing" to all counsel of record in this matter.


/s/ Kelly M. Scindian