# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHRISAVGI SOURGOUTSIS,    )
             )
      Plaintiff,  )
             )     Case No. 16-1096-KBJ-RMM
   v.         )
             )
UNITED STATES CAPITOL POLICE, )
             )
      Defendant. )

## DECLARATION OF RAFIQUE O. ANDERSON

   I, Rafique O. Anderson, have personal knowledge of the following facts and will testify to them, if called to do so:

   1.  I have been employed with the United States Capitol Police since April 2015 as a Senior Employment Counsel.

   2.  In my capacity as Senior Employment Counsel, I have access to the deposition transcripts and all exhibits in this matter. I submit this declaration in support of the United States Capitol Police's Opposition to Plaintiff's Bench Memorandum Supporting a Request that Counsel from the Parties Be Permitted to Lead *Voir Dire* Examination of the Jurors.

   3.  Attached as Attachment 1 is a true and correct copy of an excerpt from the Transcript of Status Conference held December 6, 2018.

   4.  Attached as Attachment 2 is a true and correct copy of Plaintiff's *Voir Dire* questions and Defendant's objections.

   I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of August 2019

_____
Rafique O. Anderson

# ATTACHMENT 1

```
 1              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
 2

 3   Chrisavgi Sourgoutsis,       )  Civil Action
                                  )  No. 16-CV-1096
 4                 Plaintiff,     )
                                  )  STATUS CONFERENCE
 5   vs.                          )
                                  )  Washington, DC
 6   United States Capitol Police,)  December 6, 2018
     et al.,                      )  Time:  2:00 p.m.
 7                                )
                                  )
 8                 Defendants.    )
     ─────────────────────────────────────────────────

 9             TRANSCRIPT OF STATUS CONFERENCE
                        HELD BEFORE
10         THE HONORABLE JUDGE KETANJI B. JACKSON
                UNITED STATES DISTRICT JUDGE
11   ─────────────────────────────────────────────────

12                  A P P E A R A N C E S

13   For Plaintiff:     R. Scott Oswald
                        John T. Harrington, Jr.
14                      THE EMPLOYMENT LAW GROUP, P.C.
                        888 17th Street, NW
15                      Suite 900
                        Washington, DC 20006
16                      (202) 261-2806
                        Email: Soswald@employmentlawgroup.net
17                      Email: Tharrington@employmentlawgroup.com

18   For Defendants:    Kelly M. Scindian
                        Frederick Michael Herrera
19                      CAPITOL POLICE BOARD
                        119 D Street N.E.
20                      Washington, DC 20510
                        (202) 224-7016
21                      Email: Kelly.scindian@uscp.gov
                        Email: Frederick.herrera@uscp.gov
22   ─────────────────────────────────────────────────

23   Court Reporter:         Janice E. Dickman, RMR, CRR
                             Official Court Reporter
24                           United States Courthouse, Room 6523
                             333 Constitution Avenue, NW
25                           Washington, DC  20001
                             202-354-3267
```

```
 1              MR. OSWALD:  Are you open to the possibility of
 2    allowing attorney-conducted voir dire in the situation where,
 3    you know, we've pre-cleared the subjects in advance, so we
 4    don't run afoul of the D.C. Circuit's guide?
 5              THE COURT:  I would like to say yes, but I'm going to
 6    say no.  That's not the way I conduct it.  You certainly have
 7    input on the questions you want to have answered and you may
 8    follow up in any way you would like in terms of my session that
 9    I have here at the bench.  But, I have found it to be most,
10    again, efficient and effective for the Court to be the one to
11    ask questions.
12              MR. OSWALD:  I understand.  I appreciate the Court
13    entertaining my question.
14              THE COURT:  You're welcome.  And just excuse me if I
15    repeat these things at our pretrial conference because I have a
16    script and I go over all of these things again and I won't
17    remember that we've had this conversation.
18              MR. OSWALD:  It's no worries.  I just have one
19    question about opening statement.  Do you -- presumably we're
20    going to be here, and you allow the lawyers to directly address
21    the jurors --
22              THE COURT:  Absolutely.
23              MR. OSWALD:  -- in opening?
24              THE COURT:  You may move, do whatever you want to in
25    your opening statement.
```

# ATTACHMENT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHRISAVGI SOURGOUTSIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-CV-1096 (KBJ/RMM) |
| | ) | |
| UNITED STATES CAPITOL POLICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## [DEFENDANT'S] JOINT PRETRIAL STATEMENT

In accordance with Local Rule 16.5 of the rules of the United States District Court for the District of Columbia and the Court's July 17, 2019 Scheduling Order, Plaintiff Chrisavgi Sourgoutsis and Defendant United States Capitol Police hereby submit a joint pretrial statement.

## I.   NEUTRAL ONE-PARAGRAPH STATEMENT OF THE CASE

### A.   Plaintiff's Neutral One-Paragraph

Chrisavgi Sourgoutsis is a former employee of the U.S. Capitol Police ("USCP").  Ms. Sourgoutsis alleges that USCP wrongfully terminated her because of her gender (Count I) and for retaliation in participating in a sexual harassment investigation (Count II).

### B.   Defendant's Neutral One-Paragraph

Plaintiff Chrisavgi Sourgoutsis began working for Defendant United States Capitol Police (the "Capitol Police") on May 12, 2014.  Ms. Sourgoutsis' employment with the Capitol Police was terminated while she was a probationary employee.  Ms. Sourgoutsis alleges that the Capitol Police terminated her because she is a woman.  Ms. Sourgoutsis also alleges that the Capitol Police terminated her because she was interviewed as a witness in an investigation against a Capitol Police official, who allegedly violated the Capitol Police's Anti-Discrimination and Anti-

1

Harassment policy.  Ms. Sourgoutsis alleges the termination violates the Congressional

Accountability Act (the "CAA"), a statute that prohibits legislative branch employers like the

Capitol Police from discriminating based on sex or retaliating against an employee for engaging

in certain protected activity.  The Capitol Police contends that the decision to terminate Ms.

Sourgoutsis' employment was not made for discriminatory or retaliatory reasons.  The Capitol

Police alleges that Ms. Sourgoutsis was terminated because of her pattern of violating Capitol

Police rules.  The Capitol Police deny that they violated the CAA by terminating Ms.

Sourgoutsis.

## II.    [DEFENDANT'S] PROPOSED VOIR DIRE QUESTIONS

### INTRODUCTION AND *VOIR DIRE* (D.C. STD. CIV. JURY INSTR. NO. 1-1)

Good [morning] [afternoon], ladies and gentlemen, and welcome. I am Judge Ketanji

Brown-Jackson. You have been called to this courtroom for possible selection in a civil case.

Would you all please stand so that the courtroom clerk can swear you in, and then we will

begin the jury selection process. [Give oath.]

The purpose of jury selection is to pick a jury whose members will be fair and impartial,

who will keep an open mind, and who will decide the case on the facts and the law. From the

people here in the courtroom, we are going to pick [insert number] jurors. I expect this process to

take about [insert estimate of time].

You all should now have an [index card] [topic/question sheet] and a pen or pencil.

Please look at your juror badge and write the last three digits from your badge in the upper right-

hand corner of your [index card] [topic sheet]. I am now going to ask you a series of [give

number] questions. They are all yes or no questions. There is no right or wrong answer to any of

these questions. You must answer the questions candidly consistent with your promise to tell the

truth. If your answer is yes, please [write] [circle] the number of the question on your [index

2

card] [topic/question sheet]. If your answer is no, do not [circle the number] [write down the number of the question]. You do not have to explain your yes or no answer in writing.

After I have asked the questions, I will ask each of you one by one to come to the bench. I will take your [index card] [topic/question sheet] and you may be asked follow-up questions.

Because the answers to some questions may be personal, I will turn on a device when you come up to the bench that makes a noise that prevents people in the courtroom from hearing what is said at the bench.

### A. Standard Voir Dire Questions for Judge Ketanji Brown Jackson

1. From what I have told you so far, does anyone believe that they have heard anything about this case?

2. The Plaintiff in this case is Chrisavgi Sourgoutsis. Do you know or have you heard of the Plaintiff?

3. The Plaintiff in this case is represented by the Employment Law Group, specifically R. Scott Oswald, Tom Harrington, Anita Chambers, and Annie Wilson. Do you know any of these individuals, either personally or professionally, or have any affiliation with the Employment Law Group. If so, please stand.

4. The Defendant in this case is represented by the Capitol Police Office of the General Counsel, specifically, Kelly Scindian, Rafique Anderson, April Rancier, and Aaron Wilensky. Do you know any of these individuals, either personally or professionally, or have any affiliation with the Capitol Police Office of the General Counsel. If so, please stand.

5. You may hear testimony from or about a number of people during the course of this trial. The following persons may testify in this matter.

[list of persons]

If you know any of these individuals, personally or professionally, please stand.

3

6.      Do you know or do you recognize any other member of the prospective jury panel?

7.      Do you know anyone else who is in the courtroom today, such as any of the courtroom clerks; the translator; the courtroom reporter; or me, the Judge?

8.      The lawyers predict that the presentation of evidence in this trial should last approximately six days, and I think this is a fair estimate, but it could run shorter or longer.  The jury will sit Monday through Friday from 9:30 a.m. to 4:30 p.m. for as long as it takes to hear the evidence in this case.  The length of jury deliberations following the presentation of evidence at trial will be determined by the jury itself.  Do you have an urgent or extremely important matter to attend to, such that you could be faced with a hardship if selected for the jury in this case?

9.      Do you have any vision or hearing problems, or any other physical or medical problems, that might interfere with your ability to hear or understand what the witnesses say in this case or to give your full attention to the case?

10.     Do you have any other health problems which would interfere with your ability to sit as a juror in this case?

11.     Do you have any difficulty in reading, speaking, or understanding English?

12.     Have you, any members of your family, or any close friends ever studied law, had any legal training, or been employed by a lawyer or a law firm, worked in a courthouse, been a paralegal, served as a legal secretary, or performed legal investigative work?

13.     Do you have any moral, religious, or ethical beliefs that prevent you from sitting in judgment of another person?

14.     Do you have any personal, cultural, or religious bias that would prevent you from treating the testimony of all individuals equally and fairly?

4

15.     If you have previously been a juror in a civil or criminal trial, was there anything about your experience that might affect your ability to serve fairly and impartially in this case?

16.     If you, any members of your family, or any close friends have been a plaintiff, defendant, or witness in a civil or criminal case, would that prevent you from fairly and impartially deciding the case based upon the evidence presented and the law as instructed by this Court?

17.     Have you, any members of your family, or any close friends been involved in a lawsuit or administrative action regarding your employment or separation from employment?

18.     Do you have any views that would prevent you from awarding monetary damages, subject to the law as instructed by this Court?

19.     Each juror must hear the evidence in this case and apply the law, as instructed by this Court, without being influenced in your decision by sympathy, passion, or prejudice for or against the plaintiff or defendant, or by any preconceived notions about the law. Will you have difficulty complying with this requirement?

20.     Is there anything else about the nature of this case or about the parties involved that would make it difficult for you to remain objective or to render a verdict based solely upon the evidence presented?

21.     Do you know of any reason, or has anything occurred to you during this questioning, that might in any way prevent you from following my instructions on the law and being completely fair and impartial as a juror in this case?

### B. Specific Voir Dire Questions

1.     The jury must reach a unanimous verdict; however, each juror must form their own opinion about which way to rule in the case. Would you have difficulty expressing your opinion to your fellow jurors, even if it was in conflict with the majority of other juror opinions?

5

2.      Are you now or have you ever been an insurance claims adjuster or claims manager?

3.      Have you ever held a position in which you were required to investigate claims of discrimination or harassment?

4.      Do you or anyone in your immediate family work for a government agency tasked with enforcing workplace or worker protection laws?

5.      Have you ever been involved in a lawsuit against a police department or other law enforcement agency?

6.      Have you ever been involved in a lawsuit against the federal government?

7.      Have you ever filed a complaint of discrimination, harassment, or retaliation against your employer in any state or federal court, or before an administrative body such as the Equal Employment Opportunity Commission?

8.      Have you ever felt like you were being discriminated against at work because of your gender, age, sexual orientation, race, national origin, color, genetic information, or veteran's status?

9.      Have you ever had a complaint of discrimination, harassment, or retaliation levied against you by another employee or a subordinate?

10.     Have you ever supervised fellow employees at your workplace?

11.     Have you ever been a manager or executive at your place of employment?

12.     Has the organization you work for ever been subject to a complaint of discrimination on the basis of sex or retaliation?

13.     Have you ever been accused of treating a subordinate at work unfairly?

14.     Have you ever been disciplined or terminated from your employment based on accusations of sexual harassment?

15.     Have you ever been disciplined or terminated from your employment because you were alleged to have discriminated against another employee?

16.     Have you ever been disciplined or terminated from your employment because of tardiness?

17.     Have you ever been disciplined or terminated from your employment because you were alleged to have not been wearing proper work attire?

18.     Have you ever been disciplined or terminated from your employment because you were alleged to have not paid full time and attention on the job?

19.     Have you ever been disciplined or terminated from your employment because you were alleged to have been chewing gum on the job?

20.     Are or have you, any close friends, or any of your immediate family members ever been a police officer?

21.     Are or have you, any close friends, or any of your immediate family members ever been a member of the armed forces?

22.     Are you or any close friends, or family members now or ever been part of a labor union?

23.     Would you have any reason to not believe someone's testimony because they are a police officer?

24.     Do you have such strong feelings for or against the police that it could impact your decision making in this case?

25.     Have you ever been pulled over, stopped, arrested or otherwise detained by a police department for something you feel was not justified?

26.     Do you now, or have you ever worked in, a position in which you have frequent access to police officers?

27.     Do you hold a degree in, or have you taken classes in higher education in, law, law enforcement, or criminal justice?

28.     Are you currently employed or have any immediate family members employed by the federal government?

29.     Have you ever heard of the United States Capitol Police before today?

30.     Do you have any strong feelings on way or another about the United States Capitol Police?

31.     Are you familiar with or have you heard of Chiefs Kim Dine, Matthew Verderosa, or Steven Sund?

32.     Do you have any strong feelings one way or another about Chiefs Kim Dine, Matthew Verderosa, or Steven Sund?

33.     Have you or any of your immediate family members worked on Capitol Hill or in any capacity in which you or they had regular interaction with the United States Capitol Police?

34.     Have you ever visited the United States Capitol either as a tourist or for other business?

35.     Do you think that making one side or the other happy in this situation is how this case should be decided?

36.     Would the fact that an attorney needs to question a witness in a forceful manner cause you any concern in this case?

8

37.     Is there anything about this case that would cause you to be unable to render a verdict?

38.     Does anything else cause you to believe that you would be unable to follow instructions in this case?

## III.     PLAINTIFF'S PROPOSED VOIR DIRE

Chrisavgi Sourgoutsis, the plaintiff, respectfully moves that the Court allow her counsel to conduct the *voir dire* of the jury panel in this case. In the event that the Court would deny that request, she submits the following suggested interrogatories to be asked of the members of the jury panel:

### OBJECTION TO OPENING PARAGRAPH

The USCP objects because Judge Brown-Jackson has already denied Plaintiff's request for an attorney conducted voir dire.  Judge Brown-Jackson stated that she will conduct voir dire. Thus, this section should be deleted.

### A.  Introduction

The following questions are being asked of you to assure whether potential jurors have any involvement in this matter or the parties. The questions are also being asked to review whether you might have a particular sensitivity to a particular matter that could affect or weigh on your ability to be a fair and impartial juror. The questions are not being asked to embarrass you or meddle into your private affairs. At any time after the questioning if you would feel more comfortable answering a question in private to the court, you may request to do so by raising your hand. It is important for you to answer all questions fully, honestly and accurately.

### OBJECTION TO INTRODUCTION

The USCP objects  and this section should be deleted per Judge Brown-Jackson's position that she will conduct voir dire.

**B.  General Background Questions**

1.  Please state your marital status along with your spouse's name.

OBJECTION TO NO. 1.

The USCP objects to this question because the question is irrelevant as it sheds no real light on whether a potential jurors has formed a fixed opinion as to what the verdict in this untried case would be, or whether they would approach it with even a hint of bias.

2.  Please state how many children you have including their sex and ages.

OBJECTION TO NO. 2.

The USCP objects to this question because the question is irrelevant as it sheds no real light on whether a potential juror has formed a fixed opinion as to what the verdict in this untried case would be, or whether they would approach it with even a hint of bias.

3.  Please state your present employment, your duties, and how long you have been employed.

OBJECTION TO NO. 3.

No objection.

4.  Have you or any member of your family, including your spouse or children ever been involved as an officer or supervisor in management of a corporation, partnership or civic, professional group, other association? If so, please identify each organization.

a.  If so, please state the position.

OBJECTION TO NO. 4.

>The USCP objects to this question because the question is irrelevant as it sheds no real light on whether a potential juror has formed a fixed opinion as to what the verdict in this untried case would be, or whether they would approach it with even a hint of bias.

5.  Have you or any member of your family, including your spouse or children ever been involved as an officer or supervisor in management of a government agency?

>a.    If so, please state the position.

OBJECTION TO NO. 5.

>No objection.

6.  Have you or has any member of your family ever been involved in law enforcement as a police officer or manager of police officers?

>a.    If so, please state the position.  When?

OBJECTION TO NO. 6.

>No objection.

7.  Have you or has any member of your family ever been in the military?

>a.    If so, how long was your service? What rank did you attain? What date were you discharged or retired?

OBJECTION TO NO. 7.

>No objection.

8.  What publications do you read regularly or often?

OBJECTION TO NO. 8.

>The USCP objects to this question because it is overly intrusive, offensive, and improper.  Whatever marginal information Plaintiff may gain from this

information is markedly outweighed by a potential juror's privacy concerns.
Having a potential juror explain "what publications" him/her "read regularly" is
deeply personal and overly invasive into the private life of a potential juror.

9.   What television programs do you watch regularly or often?

OBJECTION TO NO. 9.

The USCP objects to this question because it is overly intrusive, offensive, and
improper.  Whatever marginal information Plaintiff may gain from this
information is markedly outweighed by a potential juror's privacy concerns.
Having a potential juror explain "what television programs" him/her "watch
regularly" is deeply personal and overly invasive into the private life of a
potential juror.

10. What was the last book you read?

OBJECTION TO NO. 10.

The USCP objects to this question because it is overly intrusive, offensive, and
improper.  Whatever marginal information Plaintiff may gain from this
information is markedly outweighed by a potential juror's privacy concerns.

11. The function of the jury is to sit and listen to the evidence of the case and decide
the facts. Is there anybody here who does not think that for whatever reason they could not
perform that function for this case? Is there anyone as you sit here today, just based on what
you have heard thus far, believe you could not sit and be fair and impartial?

OBJECTION TO NO. 11.

No objection.

12. Please name two famous people you consider to be your heroes. You must give
us names we would recognize - you cannot name someone like your mother or grandfather

or child, as much as that would be appropriate for you personally.

OBJECTION TO NO. 12.

> The USCP objects to this question because the question is irrelevant as it sheds no real light on whether a potential juror has formed a fixed opinion as to what the verdict in this untried case would be, or whether they would approach it with even a hint of bias. The USCP further objects to this question because it is overly intrusive and whatever marginal information Plaintiff may gain from this information is markedly outweighed by a potential juror's privacy concerns. Having a potential juror explain what "two famous people" a potential juror considers to be his/her "hero" is deeply personal and overly invasive into the private life of a potential juror.

### C. Previous Legal Experience

13. Has anyone ever served on a jury before?

> a.   Were you ever the foreperson? Have you ever been a witness in a case?

OBJECTION TO NO. 13.

> No objection.

14. Have you ever been a defendant or a plaintiff in a case?

> a.   If you prefer to talk privately to the judge about any of these questions, you may certainly ask.

OBJECTION TO NO. 14.

> No objection.

15. This is a civil suit as opposed to a criminal proceeding. The rules of evidence are different and the burdens of proof are different. In a criminal case, the burden of proof is

beyond any and all reasonable doubt. In a civil case, the plaintiff has the burden of proving the elements of his claim by what is called the preponderance of the evidence, that is the facts sought to be proven are more likely true than not true. This standard of proof is a substantially lower burden of proof than that applied to a criminal case. Is there anyone present who would hold the plaintiff to a higher burden of proof than preponderance of the evidence?

OBJECTION TO NO. 15.

The USCP objects to this question because it is a misstatement of law.  The rules of evidence that are relevant to this proceeding are not necessarily different than those in a criminal proceeding.  Moreover, it is unnecessary and editorializing to state that the standard of proof is "a substantially lower burden."

16. Have you or any member of your family ever served on a jury in which there were claims made of discrimination? If so, please state when this occurred, the name of the court, the parties involved and the lawyers who represented each side, the nature of the claims and the outcome of the suit.

OBJECTION TO NO. 16.

No objection.

17. Have you ever sued anyone in a lawsuit? If so, please explain when that occurred, the lawyers who represented you, the nature of the case and the outcome of that case.

OBJECTION TO NO. 17.

No objection.

18. Have you ever been sued in a lawsuit? If so, please explain when that occurred, the lawyers who represented you, the nature of the case and the outcome of that case.

OBJECTION TO NO. 18.

No objection.

19. Have you ever been called as a witness in a lawsuit? If so, please explain when that occurred, the nature of the case and the outcome of that case.

OBJECTION TO NO. 19.

No objection.

20. Have you ever worked in a job that caused you to work with any law enforcement officer or agency? Please describe the job and the nature of your contacts with law enforcement.

OBJECTION TO NO. 20.

No objection.

21. Have you or anyone close to you received any training in law, law enforcement, criminal justice, criminology, or the legal system? Please describe.

OBJECTION TO NO. 21.

No objection.

22. Have you or anyone close to you received any medical or psychological training? Please describe.

OBJECTION TO NO. 22.

The USCP objects to this question because it is irrelevant. The principal purpose of voir dire is to probe each prospective juror's state of mind to enable the trial judge to determine actual bias and to allow counsel to assess suspected bias or prejudice. This question is irrelevant because it sheds no real light on whether a potential juror has formed a fixed opinion as to what the verdict in this untried case would be, or whether they would approach it with even a hint of bias.

15

23. Have you or anyone close to you worked in a job in the medical or psychological fields? Please describe.

OBJECTION TO NO. 23.

> The USCP objects to this question because it is irrelevant. The principal purpose of voir dire is to probe each prospective juror's state of mind to enable the trial judge to determine actual bias and to allow counsel to assess suspected bias or prejudice. This question is irrelevant because it sheds no real light on whether a potential juror has formed a fixed opinion as to what the verdict in this untried case would be, or whether they would approach it with even a hint of bias.

24. Have you or anyone close to you ever had an informal relationship with any law enforcement agency or department, including a ride-along program, crime watch program, or any similar program or activity? Please describe the relationship.

OBJECTION TO NO. 24.

> The USCP objects to this question because it is redundant. Any answer to this question would not glean any more information that what was requested in question number 20.

**D. Relationship with the Parties**

25. Is there anyone or a family member or close friend a member of Congress or worked in the Capital or one of its office buildings for a member of Congress?

OBJECTION TO NO. 25.

> No objection.

**E. Discrimination Knowledge**

26. Have you or a family member ever been in a position with a company to make

promotion and hiring decisions?

    a.    If so, have you ever factored in a person's gender in deciding whether to promote or deny a promotion or hire or fire a person?

    b.    Have any of you been denied promotions, terminated, or not hired for illegal reasons such as your gender or race or your age?

OBJECTION TO NO. 26.

    No objection.

27. Is there anyone here who <u>does not agree</u> with the federal laws established by Congress that prevent discrimination by an employer with regards to a person's gender and the ability to be free of sexual harassment in the workplace?

OBJECTION TO NO. 27.

    The USCP objects to this question because it is being used to pre-indoctrinate the jurors on the law. In order to provide an answer to this question, a juror would first need to know the laws that Congress has enacted that prevent discrimination by an employing office based on gender and sexual harassment. Next, the judge would have to explain the elements of gender and sexual harassment so that a potential juror could explain why/why not him/her disagree with such laws. The question also presupposes that claims raised in this action include sexual harassment in the workplace, which it does not.

28. Under the law an individual has just as many rights as a governmental entity, like The Capital Police. Is there anyone who believes that government entities have more rights under the law than an individual?

    a.    Does anyone believe that just because The Capital Police is in this

17

courtroom that you should believe what they say over my client as an

individual?

OBJECTION TO NO. 28.

The USCP objects to this question because it is vague and ambiguous, prejudicial,

and being used to pre-indoctrinate the jurors on the law.  In order to provide an

answer to this question, a juror would first need to have the judge explain what

legal rights an individual maintains and what rights a governmental entity

maintains that are relevant to this action.  Next, the potential juror would have to

evaluate whether a governmental entity has more legal rights than an individual.

29. Does anyone believe that because an employer claims that its actions were not

motivated by gender or sex, that, more likely than not what it says is true?

OBJECTION TO NO. 29.

The USCP objects to this question because its form is vague and ambiguous.  A

potential juror could be confused and conceal relevant information due to his/her

confusion regarding the interpretation of this question.

Further, this question is being used to pre-indoctrinate the jurors on the law.  In

order to provide an answer to this question, a juror would first need to have the

judge explain the legal context of the terms "actions motivated by gender or sex".

30. Has anyone that you know ever been accused or investigated for gender discrimination

or sexual harassment in a workplace?

OBJECTION TO NO. 30.

The USCP objects to this question because it is being used to pre-indoctrinate the

jurors on the law.  In order to provide an answer to this question, a juror would

first need to have the judge explain the elements of gender discrimination and

sexual harassment before a potential juror. Finally, a potential juror would have to explain when and how they were made aware that someone that they know was accused or investigated for gender discrimination or sexual harassment in a workplace. The question also presupposes that claims raised in this action include sexual harassment in the workplace, which it does not.

31. Is there anyone who <u>does not believe</u> that gender discrimination or sexual harassment exists in general? Or that a woman should not complain if she is being sexually harassed in the workplace?

OBJECTION TO NO. 31.

The USCP objects to this question because it is being used to pre-indoctrinate the jurors on the law. In order to provide an answer to this question, a juror would first need to have the judge explain the elements of gender discrimination and sexual harassment before a potential juror could explain why/why not him/her believes: (1) that gender discrimination and sexual harassment exists; and (2) whether a woman should/should not complain if they are sexually harassed in the workplace. The question also presupposes that claims raised in this action include sexual harassment in the workplace, which it does not.

32. Have you ever complained to a fellow employee, supervisor or personnel manager or to the Equal Employment Opportunity Commission that you believe that a co-employee or supervisor discriminated or sexually harassed you in any fashion? If so, please answer the following questions:

    a.    Who were you working for at the time?

    b.    What were the comments or actions of which you complained?

19

     c.     When did the actions occur?

     d.     What action was taken in response to your complaint?

     e.     Did you feel the response by the company was appropriate, if not, why?

OBJECTION TO NO. 32.

     Objection as to the portion of the question concerning sexual harassment. The question also presupposes that claims raised in this action include sexual harassment in the workplace, which it does not.

33. Do you personally know or have ever witnessed anyone who has made a complaint to his or her supervisor, or the company's personnel manager, or human resource manager, that they have been subjected to discrimination or company retaliated against the employee?   If so, please answer the following questions:

     a.     Who were you working for at the time?

     b.     What were the comments made?

     c.     What did the conduct involve?

     d.     Did you witness any of this behavior?

     e.     What action was taken in response to your complaint?

     f.     Did you feel the response to be appropriate, if not, why?

OBJECTION TO NO. 33.

     No objection.

34. Have you ever been in a situation where an individual was treated differently because of a protected characteristic like age, race, gender, religion or ethnic background that made you feel uncomfortable because of your observation?

OBJECTION TO NO. 34.

The USCP objects to this question because it is being used to pre-indoctrinate the jurors on the law. In order to provide an answer to this question, a juror would first need to have the judge explain the definition of a "protected characteristic like age, race, gender, religion or ether background" before a potential juror could explain why/why not him/her observed a situation where they observed any event where a person was treated differently based on a protected characteristic like age, race, gender, religion or ether background. Finally, a potential juror would have to explain whether or not they felt uncomfortable because of the observation.

35. Have you ever been interviewed as part of an investigation or inquiry into claims of discrimination and/or retaliation? If so, please tell us when that occurred, for whom were you working, and your understanding of the nature of the claims and the position held at that time?

OBJECTION TO NO. 35.

No objection.

36. Do you personally know anyone who has sued a company for discrimination? If so, please state the relationship of that individual to you; the name of the company, the claims made, when the lawsuit occurred and the outcome of the case?

OBJECTION TO NO. 36.

No objection.

37. Have you ever given a deposition in a case in which there were claims of discrimination or harassment or retaliation? If so, please state the name of the individual who filed the suit, the name of the company, how the suit turned out and the names of the lawyers (if you know) who were involved?

OBJECTION TO NO. 37.

21

No objection.

38. Does anyone have a job that deals with charges of sexual harassment, discrimination or handling investigations - like a personnel manager or a human resource manager or working with the Equal Employment Opportunity Commission?

OBJECTION TO NO. 38.

No objection.

39. Does anyone believe that because a woman works in a professional environment that she has no reason to complain if she is sexually harassed while working that job?

OBJECTION TO NO. 39.

The USCP objects to this question because it is being used to pre-indoctrinate the jurors on the law.  In order to provide an answer to this question, a juror would first need to have the judge explain the elements of sexual harassment before a potential juror could explain whether him/her believed that a woman had/did not have a "reason to complain if she was sexually harassed while working that job." The question also presupposes that claims raised in this action include sexual harassment in the workplace, which it does not.

40. Is anyone a lawyer or have family members who are lawyers? Does anyone have any legal classes or seminars or employment law?

OBJECTION TO NO. 40.

No objection.

41. Has anyone ever worked for an insurance company investigating claims?

OBJECTION TO NO. 41.

The USCP objects to this question because this question is irrelevant.  No connection exists between whether a person has worked for an insurance

22

company and the causes of action in this case. Thus, an answer to this question
would shed no real light on whether a potential juror has formed a fixed opinion
as to what the verdict in this untried case would be, or whether they would
approach it with even a hint of bias. Has anyone ever worked for the federal
government investigating claims?

42. Has anyone ever  worked for an employer who was sued for discrimination or
harassment and you were made aware of the allegations in some fashion? If so, please
explain when and how you were involved.

OBJECTION TO NO. 42.

Objection to the portion of the question concerning harassment. The question
presupposes that claims raised in this action include sexual harassment in the
workplace, which it does not.

43. If the evidence in this suit indicates that the defendant is guilty of gender
discrimination or retaliation, do you know of any reason which would prevent you from
rendering a judgment in favor of the plaintiff and against the defendant on these claims?

OBJECTION TO NO. 43.

The USCP objects to this question because this is a civil case and the USCP could
not be "guilty" of discrimination or retaliation. Rather, the USCP would only be
responsible for committing discrimination or retaliation against Plaintiff if
Plaintiff has met her the burden of proving all the elements of her gender
discrimination and/or retaliation claim(s) by a preponderance of the evidence.
The USCP further objects to this question because it is being used to prejudice the
jury. In order to provide an answer to this question, a juror would need to
presume that evidence weighs in favor of Plaintiff. A potential juror would have

23

to explain whether they would be prevented from issuing a decision against the USCP if the evidence does not show that Plaintiff has met her burden of proof regarding allegations of gender discrimination and/or retaliation. Further the USCP object to this question because it is being used to pre-indoctrinate the jury as to the law. Without an explanation as to when the evidence in the suit would indicate the defendant engaged in an unlawful practice, this question is not answerable.

Finally, Plaintiff is not permitted to use voir dire to "stake out" jurors. Staking out jurors means asking jurors what their decision would be under a specific factual scenario. Jurors should not be asked to pledge themselves to a future course of action before hearing the evidence and receiving instructions on the law. Plaintiff's question is requesting that a potential juror pledge themselves to a certain verdict prior to hearing all of the evidence. This question requests for an answer that is inconsistent with a juror's duty to hear the evidence with an open mind and to refrain from forming or expressing an opinion until the case is submitted for a verdict.

44. Does your present employer have a policy against gender discrimination, sexual harassment and/or retaliation?

OBJECTION TO NO. 44.

The USCP objects to this question because whether a potential juror's present employer has a policy gender discrimination, sexual harassment and/or retaliation sheds no real light on whether a potential juror has formed a fixed opinion as to what the verdict in this untried case would be, or whether they would approach it

24

with even a hint of bias.  The question also presupposes that claims raised in this
action include sexual harassment in the workplace, which it does not.

45. Have you ever attended a seminar on gender discrimination, sexual harassment
and retaliation?

        a.      If so, please state the name of the company which employed you when
you attended the seminar and when that occurred. What entity the
presenter worked?

OBJECTION TO NO. 45.

        Objection to the portion of the question concerning sexual harassment.  The
question also presupposes that claims raised in this action include sexual
harassment in the workplace, which it does not.

46. Have you· ever been provided materials on gender discrimination, sexual
harassment or retaliation by an employer? If so, what kind of materials were provided and
when did you last review this information?

OBJECTION TO NO. 46.

        Objection to the portion of the question concerning sexual harassment.  The
question also presupposes that claims raised in this action include sexual
harassment in the workplace, which it does not.

47. Do you personally know of anyone who has been terminated because of
cooperating in an investigation about sexual harassment or gender discrimination? If so,
what were the allegations made, the name of the employer, and when did this occur?

OBJECTION TO NO. 47.

        The USCP further objects to this question because it is being used to pre-
indoctrinate the jurors on the law.  In order to provide an answer to this question,

a juror would need to have the judge explain the elements of gender and sexual harassment.  Next, a potential juror would have to know whether a person was terminated because him/her cooperated in an investigation where a person alleged sexual harassment or gender discrimination. The question also presupposes that claims raised in this action include sexual harassment in the workplace, which it does not.

48. Have you ever filed a claim of discrimination with the Equal Employment Opportunity Commission or filed a grievance with your employer for discrimination? Please describe the outcome of any such incident.

OBJECTION TO NO. 48.

No objection.

49. Have you or has any member of your family ever filed a grievance against their employer?

OBJECTION TO NO. 49.

The USCP objects to this question because the question is irrelevant as it sheds no real light on whether a potential juror has formed a fixed opinion as to what the verdict in this untried case would be, or whether they would approach it with even a hint of bias.  There may only be a tangential reference to the filing of a grievance in this untried case.  An answer to this question does not assist a Party in determining what prejudices and beliefs a potential juror is bringing to the proceedings in order that counsel may intelligently exercise peremptory challenges or challenges for cause.

50. Have you or has any member of your family ever been a member of a union?

OBJECTION TO NO. 50.

26

No objection.

51. Does any member of this jury panel believe that conflicts between individuals should be settled outside of court?

OBJECTION TO NO. 51.

No objection.

52. Does any member of this jury panel feel strongly enough about an issue to place a bumper sticker on their vehicle? If so, what does the sticker say?

OBJECTION TO NO. 52.

The USCP objects to this question because it is overly intrusive, offensive, and improper. Whatever marginal information Plaintiff may gain from this information is markedly outweighed by a potential juror's privacy concerns. Placing a bumpersticker on a vehicle is deeply personal as to the purpose of the content of the bumpersticker and why the bumpersticker is placed on the vehicle.

53. Does any member of this jury panel listen to talk radio that involves a legal question or answer type program? If so, have you ever sought legal advice for an employment situation?

OBJECTION TO NO. 53.

The USCP objects to this question because it is overly intrusive, offensive, and improper. Whatever marginal information Plaintiff may gain from this information is markedly outweighed by a potential juror's privacy concerns. Listening to a certain radio program is deeply personal as to the content of the program and why the potential juror listens to the particular radio program.

54. Does any member of this jury panel suffer from sexual harassment or gender discrimination currently?

OBJECTION TO NO. 54.

The USCP objects to this question because it is being used to pre-indoctrinate the jurors on the law.  In order to provide an answer to this question, a juror would need to have the judge explain the elements of gender and sexual harassment so that a potential juror could explain how him/her are aware of whether they are currently experiencing gender and/or sexual harassment.  Finally, a potential juror would have to explain when and how they are currently experiencing gender and/or sexual harassment.  Additionally, the USCP objects to this question because it is overly intrusive, offensive, and improper.  Whatever marginal information Plaintiff may gain from this information is markedly outweighed by a potential juror's privacy concerns.  Having a potential juror explain how if they are currently experiencing gender and/or sexual harassment is deeply personal as to the circumstances of him/her experience. The question also presupposes that claims raised in this action include sexual harassment in the workplace, which it does not.

**F.  <u>Damages</u>**

55. If you think you can be fair and even handed with the person of the opposite sex, would you raise your hand for me, please?

OBJECTION TO NO. 55.

No objection.

56. If Ms. Sourgoutsis proves her case to you, the law states she is entitled to be compensated. Is there anyone here who would have difficulty assessing damages if Ms. Sourgoutsis proves her case?

OBJECTION TO NO. 56.

28

The USCP further objects to this question because it is being used to pre-indoctrinate the jurors on the law.  In order to provide an answer to this question, a juror would need to have the judge explain the elements a law that allows a person to be compensated for being subjected to illegal discrimination by the USCP.

Next, the judge would have to explain Plaintiff's burden of proof and how Plaintiff has met her the burden of proving all the elements of her gender discrimination and/or retaliation claim(s) by a preponderance of the evidence before a potential juror could determine whether Plaintiff should be entitled to any compensation for being subjected to any illegal discrimination.  Finally, a potential juror would have to explain whether they would be prevented from issuing a decision against the USCP for any damages that resulted from Plaintiff being subjected to any illegal discrimination.

Finally, Plaintiff is not permitted to use voir dire to "stake out" jurors. Staking out jurors means asking jurors what their decision would be under a specific factual scenario. Jurors should not be asked to pledge themselves to a future course of action before hearing the evidence and receiving instructions on the law. Plaintiff's question is requesting that a potential juror pledge themselves to a certain verdict prior to hearing all of the evidence.  This question requests for an answer that is inconsistent with a juror's duty to hear the evidence with an open mind and to refrain from forming or expressing an opinion until the case is submitted for a verdict.

The USCP objects to this question because it is a misstatement of law.  Plaintiff is

not necessarily entitled to any compensation if she allegedly "proves her case."

57. Do you believe there should be a specific limit to how much money should be

awarded for non-economic damages and mental anguish? Why or why not?

OBJECTION TO NO. 57.

No objection.

### G.  Specific Bias and Prejudice Questions

58. In the past two years, there has been a lot of discussion about whether our country

has become too politically correct. President Trump said, while running for office, "I think

the big problem this country has is being politically correct. I've been challenged by so

many people, and I don't frankly have time for total political correctness. And to be honest

with you, this country doesn't have time, either." Does anyone here feel that being

"politically correct" has gone too far?

OBJECTION TO NO. 58.

The USCP objects to this question because it is overly intrusive, offensive, and

improper.  Whatever marginal information Plaintiff may gain from this

information is markedly outweighed by a potential juror's privacy concerns.

Having a potential juror explain how what Donald Trump said as a political

candidate, and the overall impact on a potential juror, is deeply personal and

overly invasive into the private life of a potential juror.

Additionally, the USCP objects to this question because the question is irrelevant

as it sheds no real light on whether a potential juror has formed a fixed opinion as

to what the verdict in this untried case would be, or whether they would approach

it with even a hint of bias.

30

Finally, "politically correct" is an undefined term and not an appropriate topic for inquiry during voir dire.  Even if "politically correct" was defined, it is not an issue in this case and any answer to this question would not assist a Party in determining what prejudices and beliefs a potential juror is bringing to the proceedings in order that counsel may intelligently exercise peremptory challenges or challenges for cause.

59. A lot of people feel that the politically correct movement has made it hard for people to talk to each other and say things at work. Again, we heard a lot of discussion in the last election of a candidate describing women as pigs, attributing the criticism of a female news anchor to her menstrual cycle, and talking about the size of his genitals during a televised debate. Is there anyone here who thinks this type of conversation is okay in the workplace? Would your opinion change if the person making the comments was a supervisor or the boss of the workplace? In other words, if someone is a supervisor, do you believe they have the right to talk and act however they please? For those who think it is okay, if you were instructed this type of discussion is prohibited by the law, could you in good conscience enforce that law?

OBJECTION TO NO. 59.

The USCP objects to this question because it is overly intrusive, offensive, and improper.  Whatever marginal information Plaintiff may gain from this information is markedly outweighed by a potential juror's privacy concerns. Having a potential juror explain how what a political candidate stated regarding his/her description of "women", and the overall impact on a potential juror, is deeply personal and overly invasive into the private life of a potential juror.

Additionally, the USCP objects to this question because the question is irrelevant as it sheds no real light on whether a potential juror has formed a fixed opinion as to what the verdict in this untried case would be, or whether they would approach it with even a hint of bias.

Finally, the last election of a candidate discussing "describing women as pigs, attributing the criticism of a female news anchor to her menstrual cycle, and talking about the size of his genitals during a televised debate" is not an issue in this case and any answer to this question would not assist a Party in determining what prejudices and beliefs a potential juror is bringing to the proceedings in order that counsel may intelligently exercise peremptory challenges or challenges for cause.

60. In the last year, our president joked about grabbing women by their private parts, but a lot of voters overlooked or excused the conduct because they did not like his opponent. The judge is going to instruct you that that type of conduct is not tolerated in the workplace, regardless. Is there anyone here who feels that if it is okay for the president to talk in this manner, then it would then be okay for a manager or a boss to do it?

OBJECTION TO NO. 60.

The USCP objects to this question because it is overly intrusive, offensive, and improper. Whatever marginal information Plaintiff may gain from this information is markedly outweighed by a potential juror's privacy concerns. Having a potential juror explain how what a President of the United States stated and the overall impact on a potential juror is deeply personal and overly invasive into the private life of a potential juror.

Additionally, the USCP objects to this question because the question is irrelevant as it sheds no real light on whether a potential juror has formed a fixed opinion as to what the verdict in this untried case would be, or whether they would approach it with even a hint of bias.

Finally, the President of the United States discussing "grabbing women by their private parts" is not an issue in this case and any answer to this question would not assist a Party in determining what prejudices and beliefs a potential juror is bringing to the proceedings in order that counsel may intelligently exercise peremptory challenges or challenges for cause.

61. Over the past 18 months or so the media has engaged in several lively and ongoing debates over the language that President Trump had used a few years back during the filming of a reality TV show where he referred to women and certain body parts in derogatory terms. Some folks classified that language as "locker room talk" and that men, because they are men, will talk that way about women at times. Does anyone here feel that language and comments classified as "locker room talk" is acceptable outside the locker room such as a professional workplace, like a police force?

OBJECTION TO NO. 61.

The USCP objects to this question because it is overly intrusive, offensive, and improper. Whatever marginal information Plaintiff may gain from this information is markedly outweighed by a potential juror's privacy concerns. Having a potential juror explain how what Donald Trump stated on a television show and the overall impact on a potential juror is deeply personal and overly invasive into the private life of a potential juror.

Additionally, the USCP objects to this question because the question is irrelevant as it sheds no real light on whether a potential juror has formed a fixed opinion as to what the verdict in this untried case would be, or whether they would approach it with even a hint of bias.

Finally, "locker room talk" is an undefined term. Even if "locker room talk was defined", it is not an issue in this case and any answer to this question would not assist a Party in determining what prejudices and beliefs a potential juror is bringing to the proceedings in order that counsel may intelligently exercise peremptory challenges or challenges for cause.

62. Who has seen the movie or read the book, Fifty Shades of Grey? What opinions did you take away about gender rights from the book or the movie? Some critics of the book refused to see the movie because of their opinion that it sensationalized abusive relationships where women were treated in as objects and not on an equal basis to the man. Did anyone read or follow this type of discussion in the media or on a social media discussion? Did anyone blog or post any commentary or opinions about this movie? Or discuss at work, in a book club or class?

OBJECTION TO NO. 62.

The USCP objects to this question because it is overly intrusive, offensive, and improper. Whatever marginal information Plaintiff may gain from this information is markedly outweighed by a potential juror's privacy concerns. Having a potential juror explain how him/her interpreted the movie or book "Fifty Shades of Grey", reviewing any social media opinions, and the overall impact on a potential juror is deeply personal and overly invasive into the private life of a potential juror.

34

Additionally, the USCP objects to this question because the question is irrelevant as it sheds no real light on whether a potential juror has formed a fixed opinion as to what the verdict in this untried case would be, or whether they would approach it with even a hint of bias.

Finally, women being treated "as objects and not on an equal basis to [a] man" is not an issue in this case and any answer to this question would not assist a Party in determining what prejudices and beliefs a potential juror is bringing to the proceedings in order that counsel may intelligently exercise peremptory challenges or challenges for cause.

63. Have you or anyone close to you ever had a negative experience with a person of another gender while at work?

OBJECTION TO NO. 63.

No objection.

64. Have you or anyone close to you ever been accused of gender discrimination or sexual harassment, either in the workplace or some other situation?

OBJECTION TO NO. 64.

No objection.

65. Have you ever worked closely or socialized with a person from another gender?

OBJECTION TO NO. 65.

The USCP objects to this question as vague and ambiguous and overly broad. Any answer to this question sheds no real light on whether a potential juror has formed a fixed opinion as to what the verdict in this untried case would be, or whether they would approach it with even a hint of bias.

66. Have you had any training or education, such as a college class or a seminar in

the workplace, that dealt with sexual harassment and/or gender discrimination or harassment? What did you learn?

OBJECTION TO NO. 66.

The USCP objects to this question because it is redundant.  Any answer to this question would not glean any more information that what was requested in question number 46.  The question also presupposes that claims raised in this action include sexual harassment in the workplace, which it does not.

67. Do you think that concern over gender equality in the workplace is exaggerated? Do you think concern over sexual harassment in the workplace is exaggerated?

OBJECTION TO NO. 67.

The USCP objects to this question because it is being used to pre-indoctrinate the jurors on the law.  In order to provide an answer to this question, a juror would need to have the judge explain the elements of gender equality and sexual harassment so that a potential juror could speculate on whether gender equality and/or sexual harassment is exaggerated in the workplace.

Also any answer to this question would not sheds no real light on whether a potential juror has formed a fixed opinion as to what the verdict in this untried case would be, or whether they would approach it with even a hint of bias.  The question also presupposes that claims raised in this action include sexual harassment in the workplace, which it does not.

68. Do you think gender discrimination or sexual harassment in the workplace is something employees should simply learn to handle or avoid?

OBJECTION TO NO. 68.

The USCP objects to this question because it is being used to pre-indoctrinate the jurors on the law.  In order to provide an answer to this question, a juror would need to have the judge explain the elements of gender equality and sexual harassment so that a potential juror could speculate on whether gender equality and/or sexual harassment is something employees "should learn to handle" or "avoid" in the workplace.

Also any answer to this question would not sheds no real light on whether a potential juror has formed a fixed opinion as to what the verdict in this untried case would be, or whether they would approach it with even a hint of bias. The question also presupposes that claims raised in this action include sexual harassment in the workplace, which it does not.

69. Do you think people are generally afraid to report sexual discrimination in the workplace? Why do you think that is?

OBJECTION TO NO. 69.

The USCP objects to this question because it is being used to pre-indoctrinate the jurors on the law.  In order to provide an answer to this question, a juror would need to have the judge explain the elements of sex discrimination so that a potential juror could speculate on whether "people" are afraid to report sexual discrimination in the workplace.

Finally, whether "people" are "generally afraid to report sexual discrimination in the workplace" is not an issue in this case and any answer to this question would not assist a Party in determining what prejudices and beliefs a potential juror is bringing to the proceedings in order that counsel may intelligently exercise peremptory challenges or challenges for cause.

70. How often do you think someone who reports sexual discrimination in the workplace is retaliated against? Rarely, sometimes, often?

OBJECTION TO NO. 70.

> The USCP objects to this question because it is prejudicial being used to pre-indoctrinate the jurors on the law.  In order to provide an answer to this question, a juror would need to have the judge explain the elements of sex discrimination and retaliation so that a potential juror could speculate on "how often" "someone who reports sexual discrimination in the workplace are retaliated against."
>
> The question also presupposes that retaliation for reporting discrimination in the workplace occurs at some level of frequency.
>
> Further the language "sexual discrimination" is vague and ambiguous.
>
> Finally, "how often" "someone who reports sexual discrimination in the workplace are retaliated against" is not an issue in this case and this question is irrelevant as it sheds no real light on whether a potential juror has formed a fixed opinion as to what the verdict in this untried case would be, or whether they would approach it with even a hint of bias.

71. What do you think an employee who is being discriminated against or harassed should do?

OBJECTION TO NO. 71.

> The USCP objects to this question because it is being used to pre-indoctrinate the jurors on the law.  In order to provide an answer to this question, a juror would need to have the judge explain the elements of discrimination and harassment so that a potential juror could speculate on "what" an "employee who is being discriminated against or harassed should do."

38

Also, "what" an "employee who is being discriminated against or harassed should

do" is not an issue in this case and this question is irrelevant as it sheds no real

light on whether a potential juror has formed a fixed opinion as to what the

verdict in this untried case would be, or whether they would approach it with even

a hint of bias. The question also presupposes that claims raised in this action

include sexual harassment in the workplace, which it does not.

72. Do you think the laws which seek to prevent sexual discrimination have gone too

far in the direction of women?

OBJECTION TO NO. 72.

The USCP objects to this question because it is being used to pre-indoctrinate the

jurors on the law.  In order to provide an answer to this question, a juror would

need to have the judge explain what "laws" "seek to prevent sexual discrimination

have gone too far in the direction of women" so that a potential juror could

speculate on whether they agree or disagree with the "laws."

Further the language "sexual discrimination" is vague and ambiguous and

potentially confusing to jurors.

73. Do you hold any philosophical or religious beliefs that would prevent you from

sitting in judgment of another person or company?

OBJECTION TO NO. 73.

No objection.

74. There was some talk in the last election that too much regulation of U.S. business

by federal, state and district governments.  Does anyone think that it is too hard to run a

business because of because there are too many regulations or legal requirements?

OBJECTION TO NO. 74.

39

The USCP objects to this question because it is irrelevant as it sheds no real light on whether a potential juror has formed a fixed opinion as to what the verdict in this untried case would be, or whether they would approach it with even a hint of bias.

Also, whether "it is too hard to run a business because there are to many regulations or legal requirements" is not an issue in this case and this question is irrelevant as it sheds no real light on whether a potential juror has formed a fixed opinion as to what the verdict in this untried case would be, or whether they would approach it with even a hint of bias.

75. Is there anything about this case, the identity or status of parties, or anything else you've seen or heard today that would impair your ability to be a fair and impartial juror?

OBJECTION TO NO. 75.

No objection.

76. Do you have any beliefs, feelings, prejudices, or experiences that you feel would affect your ability to be fair and impartial?

OBJECTION TO NO. 76.

No objection.

77. Are any of your close friends or relatives' attorneys? What is their area of practice?

OBJECTION TO NO. 77.

No objection.

78. If you are a juror in this case, you will have some rights. It is extremely important that you understand these rights, and that you will exercise them as often as the need arises. First you will have the right to hear all the testimony. So if a witness says something you

40

don' t hear, will you be comfortable raising your hand and telling the judge, "Your Honor, I did not hear what the witness said." Will you do that?

OBJECTION TO NO. 78.

> The USCP objects to this question because it is improperly placed as a voir dire question. Any reference to a potential juror's rights will be addressed in the Court approved jury instructions.

79. If you are a juror in this case you will have a second right, the right to understand the law. Nothing can be more important. But every so often during deliberations, jurors disagree over what the law is. Sometimes a juror is just not sure. Sometimes a discussion will start about what the law really is. So if any of that happens, instead of trying to decide it among yourselves, will you be comfortable telling your foreperson to knock on the jury room door and ask the bailiff to tell the judge that there is something about the law you need to hear about again?

OBJECTION TO NO. 79.

> The USCP objects to this question because it is improperly placed as a voir dire question. Any reference to a potential juror's rights will be addressed in the Court approved jury instructions.