UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHRISAVGI SOURGOUTSIS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 16-cv-1096 (KBJ) |
| UNITED STATES CAPITOL POLICE, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR A DECLARATORY JUDGMENT AND FOR AMENDMENT OF THE CLERK'S JUDGMENT

At the conclusion of the eight-day jury trial that took place in this gender discrimination and retaliation case, the jury made two findings. First, it determined that Plaintiff Chrisavgi Sourgoutsis had proven that her sex was a motivating factor in Defendant United States Capitol Police's ("USCP's") termination of her employment but that the USCP had also proven that it would have fired Sourgoutsis anyway; therefore, no damages were to be awarded. (*See* Verdict Form, ECF No. 138.) Second, it found that Sourgoutsis had failed to establish that her termination was in retaliation for her participation in an internal investigation. (*Id.*) Accordingly, this Court entered judgment in favor of the USCP on Sourgoutsis's discrimination and retaliation claims. (*See* Clerk's Judgment on the Verdict ("Judgment"), ECF No. 144.)

Before this Court at present are two post-trial motions that Sourgoutsis has filed seeking a declaratory judgment and a more specific statement concerning the judgment that the Court's clerk has entered in this case. (*See* Pl.'s Mot. for Decl. Judgment, ECF

No. 143; *see also* Pl.'s Mot. to Amend Clerk's Judgment Entered on Nov. 27, 2019 ("Pl.'s Mot. to Amend"), ECF No. 154.) Sourgoutsis's motion for a declaratory judgment—which was filed on November 25, 2019, *before* the clerk entered the judgment—asks the Court, pursuant to Federal Rule of Civil Procedure 58(d), to order the clerk to enter a judgment to the effect that "Sourgoutsis proved by a preponderance of the evidence that her sex was a motivating factor in the United States Capitol Police's decision to terminate her employment in violation of Title VII of the Civil Rights Act of 1964, as incorporated with respect to agencies of Congress by the Congressional Accountability Act (CAA)." (Pl.'s Mot. for Decl. Judgment at 1); *see also* Fed. R. Civ. Pro. 58(d) ("A party may request that judgment be set out in a separate document[.]").[1] Sourgoutsis's motion to amend was filed on December 27, 2019—*after* the clerk entered judgment—and it seeks an amendment of the judgment's language "to reflect the jury's finding that . . . Sourgoutsis proved by a preponderance of the evidence that her sex was a motivating factor in USCP's decision to terminate her employment in violation of Title VII of the Civil Rights Act of 1964, as incorporated with respect to agencies of Congress by the Congressional Accountability Act ('CAA')." (Pl.'s Mot. to Amend at 1.)

The basis for these unusual post-trial requests appears to be Sourgoutsis's conclusion that the wording of the clerk's judgment is insufficient or improper because it "makes no reference to the jury's finding of discrimination." (*Id.* at 2.) But as explained below, the clerk's entry of judgment (which mooted Sourgoutsis's Rule 58(d) declaratory judgment motion) plainly reflects the jury's finding that Sourgoutsis proved

---

[1] Page-number citations to the documents that the parties have filed refer to the page numbers that the Court's electronic filing system automatically assigns.

discrimination under the motivating factor theory, and thus already contains the particular assertion that Sourgoutsis requests.  Therefore, as set forth in the Order below, Sourgoutsis's motion for a declaratory judgment is **DENIED AS MOOT**, and her motion to amend the judgment is **DENIED**.

I.

The jury in this case rendered its verdict on November 18, 2019.  (*See* Verdict Form at 2.)  On November 25, 2019, Sourgoutsis filed two post-trial motions, a motion for a declaratory judgment (ECF No. 143) and a motion for a permanent injunction (ECF No. 142).[2]  Sourgoutsis's motion for a declaratory judgment requests that this Court direct the clerk to enter a judgment pursuant to Rule 58(d).  (*See* Pl.'s Mot. for Decl. Judgment at 1.)  On December 2, 2019, after the declaratory judgment motion was filed, the Court's clerk entered a "Judgment on the Verdict," which included a statement of the jury's findings as to Sourgoutsis's discrimination and retaliation claims.  (*See* Judgment at 1.)

On December 23, 2019, Sourgoutsis filed a motion to amend the Court's judgment.  (*See* Pl.'s Mot. to Amend, ECF No. 150.)  This Court initially denied that motion without prejudice in a minute order dated December 26, 2019, for failure to comply with Local Rule of Civil Procedure 7(m)'s meet and confer requirement.  (*See* Minute Order of Dec. 26, 2019.)  Sourgoutsis refiled her motion to amend the judgment on December 27, 2019.  (*See* Pl.'s Mot. to Amend, ECF No. 154.)  Thus, pending before

---

[2] Sourgoutsis's motion for a permanent injunction will be addressed by this Court in a separate opinion and order.

3

this Court are Sourgoutsis's motion for a declaratory judgment and her renewed motion to amend.

II.

Sourgoutsis's motion for a declaratory judgment is moot. As explained above, that motion seeks entry of judgment by the clerk, and the clerk entered judgment seven days after Sourgoutsis's motion for declaratory judgment was filed.[3] Sourgoutsis's suggestion that there is still a live issue with respect to that motion and/or that USCP has somehow "conceded" its substance (*see* Pl.'s Reply to Def.'s Opp'n, ECF No. 149, at 1) makes no sense. Thus, as indicated below, the motion for declaratory judgment is hereby summarily denied as moot.

Turning to the motion to amend, Federal Rule of Civil Procedure 59(e) authorizes a party to seek amendment of a judgment, and the D.C. Circuit has explained that such motion may be granted "(1) if there is an 'intervening change of controlling law'; (2) if new evidence becomes available; or (3) if the judgment should be amended in order to 'correct a clear error or prevent manifest injustice.'" *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)). Sourgoutsis appears to be seeking amendment under the clear error or manifest injustice standard, because she asks the Court to amend the judgment in order to "accurately reflect the jury's verdict" and states that "it would be manifestly unjust to allow the judgment in this case to reflect that USCP did not act in a discriminatory manner with respect to Ms. Sourgoutsis, as she intends to seek her fees in this matter." (Pl.'s Mot. to Amend at 2, 5.) "'[M]anifest

---

[3] The clerk's judgment is dated November 27, 2019, but due to the Thanksgiving holiday, it was not entered onto the docket until December 2, 2019.

injustice' requires 'at least (1) a clear and certain prejudice to the moving party that (2) is fundamentally unfair in light of governing law.'" *Leidos*, 881 F.3d at 217 (quoting *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 78 (D.D.C. 2013), *aff'd*, 782 F.3d 9 (D.C. Cir. 2015)).

This Court finds that Sourgoutsis has failed to establish clear error or manifest injustice with respect to the Court's Judgment on the Verdict. Sourgoutsis asserts that the judgment "makes no reference to the jury's finding of discrimination[,]" and she requests that "the judgment be amended to reflect the jury's finding that . . . Sourgoutsis proved by a preponderance of the evidence that her sex was a motivating factor in USCP's decision to terminate her employment in violation of Title VII of the Civil Rights Act of 1964, as incorporated with respect to agencies of Congress by the Congressional Accountability Act ('CAA')." (Pl.'s Mot. to Amend at 1, 2.) However, the first sentence of the Court's judgment, plainly states as follows:

> [T]he Jury duly rendered its verdict that: as to Claim 1 (Discrimination), Plaintiff, Chrisavgi Sourgoutsis, proved by a preponderance of the evidence that her sex was a motivating factor in Defendant's, United States Capitol Police's ("USCP"), decision to terminate her, but that USCP proved by a preponderance of the evidence that it would have taken the same action in the absence of the impermissible motivating factor[.]

(Judgment at 1.) Thus, Sourgoutsis's assertion that the judgment makes no reference to the jury's findings of discrimination is mistaken. And the differences between the clerk's language and the language Sourgoutsis requests are immaterial, given that, in substance, the two statements are identical.

Even more importantly, the language in the clerk's judgment is by far more accurate than the language Sourgoutsis proffers in so far as it mirrors the actual

5

findings made by the jury in this case. (*See* Verdict.) The Verdict Form that the Court provided to the jury asked two questions with respect to motivating factor theory: "Has Ms. Sourgoutsis proven, by a preponderance of the evidence, that her sex was a motivating factor in the United States Capitol Police's decision to terminate her employment?" and "[H]as the Capitol Police proven, by a preponderance of the evidence, that it would have terminated her even if her sex had played no role in its decision?" (*Id.* at 1.) As noted *infra*, the jury found "Yes" as to both, and its findings in this regard were faithfully reflected in the clerk's judgment. As such, far from being clearly erroneous, the clerk's judgment accurately reflects the jury's findings.[4]

Significantly for present purposes, Sourgoutsis appears to be motivated by the misguided notion that the judgment in a Title VII employment discrimination case must contain certain language in order to give rise to a request for relief under Title VII. But the text of 42 U.S.C. § 2000e-5(g)(2)(B) does not require that the Court's judgment contain any specific language where a plaintiff proves that the defendant was motivated by a protected characteristic yet the defendant proves it would have taken the same action regardless. Instead, the Title VII provision that establishes available remedies when a jury finds that a plaintiff has prevailed under motivating factor theory but an employer has proven its affirmative defense merely states that the "court may grant" certain specified relief. 42 U.S.C. § 2000e-5(g)(2)(B) (authorizing an individual to seek "declaratory judgment, injunctive relief . . ., and attorney's fees and costs" where

---

[4] Sourgoutsis's apparent concern that the language of the judgment does not reference Title VII or the CAA is unwarranted. The Verdict Form itself did not refer to either of those laws, and the Court notes that the form did not need to do so because the jury was instructed on the applicable provisions of these laws as part of its jury instructions. In any event, having not objected to the omission of any such statutory reference in the Verdict Form, Sourgoutsis cannot now be heard to complain that a judgment that mirrors the Verdict Form is inaccurate.

6

the "individual proves a violation" of the applicable law "and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor"). Nothing in the statute suggests that these statutory remedies are not available if the judgment is not specifically worded as Sourgoutsis suggests. (*See* Pl.'s Mot. to Amend at 4 (citing *Marsal v. E. Carolina Univ.*, No. 4:09-CV-126-FL, 2012 WL 3283435 (E.D.N.C. Aug. 10, 2012), for the proposition that the court may consider awarding attorney's fees in relationship to the "degree of plaintiff's success").) Instead, it appears that Congress sought merely to preserve the right of an individual who proves discrimination under motivating factor theory to seek relief under the statute even if their employer would have taken the same adverse action in the absence of discrimination.

Here, the jury found that Sourgoutsis had proven that her sex was a motivating factor, and also that the USCP would have terminated her anyway. The Court's judgment plainly reflects these findings, and Sourgoutsis has failed to demonstrate a clear error or manifest injustice that warrants amendment of the language of the clerk's judgment.[5]

### III.

For the reasons stated above, it is hereby

---

[5] To the extent that Sourgoutsis's motion to amend rests on the *Marsal* case, No. 4:09-CV-126-FL, 2012 WL 3283435 (E.D.N.C. Aug. 10, 2012), which she cites extensively, the Court notes that *Marsal*, too, does not establish Sourgoutsis's suggested standard for the language of a judgment entered in a mixed-motive Title VII case. *Cf.* Judgment after Jury Verdict, *Marsal*, No. 4:09-CV-126-FL, ECF No. 150. Nor does Sourgoutsis point to any other case law that establishes any such standard. The Court suspects that Sourgoutsis is relying on this case in anticipation of a future motion for attorney's fees; however, the issue of attorney's fees is not before the Court at present. And an effort to preempt anticipated USCP arguments in opposition to a future attorney's fees motion is not a cognizable ground for relief with respect to a motion to amend under Rule 59(e).

**ORDERED** that Plaintiff's Motion for Declaratory Judgment (ECF No. 143) is **DENIED AS MOOT**. It is

**FURTHER ORDERED** that Plaintiff's Motion to Amend Clerk's Judgment Entered on November 27, 2019 (ECF No. 154) is **DENIED**.

DATE: January 9, 2020

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge