UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHRISAVGI SOURGOUTSIS, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | No. 16-cv-1096 (KBJ) |
| UNITED STATES CAPITOL POLICE, | | |
| Defendant. | | |

**MEMORANDUM OPINION DENYING
PLAINTIFF'S REQUEST FOR PERMANENT INJUNCTIVE RELIEF**

Following an eight-day trial, the jury in Plaintiff Chrisavgi Sourgoutsis's civil action against the United States Capitol Police ("USCP") rendered a verdict with respect to Sourgoutsis's employment discrimination and retaliation claims. (*See* Verdict Form, ECF No. 138, at 1–2.)[1] As relevant here, the jury determined that Sourgoutsis's sex was a motivating factor in USCP's decision to terminate her, but that USCP would have terminated her "even if her sex had played no role in its decision[.]" (*See id.* at 1.) Consequently, although the jury's finding precluded any award of damages under Title VII, as incorporated by the Congressional Accountability Act, *see* 42 U.S.C. § 2000e-5(g)(2)(B)(ii), Sourgoutsis is entitled to seek other forms of relief, including an injunction or attorney's fees, *see id.* § 2000e–5(g)(2)(B)(i); *see also Ponce v. Billington*, 679 F.3d 840, 844–45 (D.C. Cir. 2012).

---

[1] Page number citations refer to the numbers automatically assigned by the Court's electronic case filing system.

Before this Court at present is Sourgoutsis's motion for a permanent injunction, which asks the Court to order USCP to adopt a number of practices aimed at "end[ing] gender discrimination at USCP." (Pl.'s Mem. in Supp. of Mot. for Inj. Relief ("Pl.'s Mem."), ECF No. 142-1, at 2.) USCP opposes Sourgoutsis's motion, contending that the requested relief is "overbroad, unnecessary, and unwarranted" in light of Sourgoutsis's limited success at trial. (*See* Def.'s Opp'n to Pl.'s Mot. for Inj. Relief ("Def.'s Opp'n"), ECF No. 145, at 1.) The Court has carefully reviewed the parties' submissions and the evidence presented at trial, and for the reasons discussed fully below, the Court concludes that Sourgoutsis is not entitled to a permanent injunction, because her requested relief is overbroad, and there is no reasonable expectation that USCP will discriminate against her in the future. Accordingly, Sourgoutsis's motion for a permanent injunction will be **DENIED**. A separate Order consistent with this Memorandum Opinion will follow.

## I. BACKGROUND

Sourgoutsis began working at USCP as a Recruit Officer in May 2014. (*See* Trial Tr. 1001:23–1002:6.) Like other officers in her recruit class, Sourgoutsis was required to be on probation for an eighteen-month period while USCP assessed her performance. (*See id.* at 124:15–125:1, 1002:10–13.) During this probationary period, Sourgoutsis successfully completed the necessary training programs and received multiple positive performance reviews. (*See id.* at 176:8–22, 643:2–5.) However, Sourgoutsis was also cited numerous times for violating USCP rules (*see id.* at 291:15–22, 1416:11–24), and USCP ultimately terminated her employment shortly after the probationary period ended (*see id.* at 1615:5–6; *see also id.* at 1413:8–9).

Following her termination, Sourgoutsis timely filed the instant action against USCP, alleging that USCP had violated her rights under Title VII, as incorporated by the Congressional Accountability Act.  (*See* Compl., ECF No. 1, ¶¶ 105–12.)  In relevant part, the complaint contended that USCP discriminated against Sourgoutsis on the basis of sex when it disciplined her for "minor infractions" and terminated her employment.  (*See id.*)  USCP denied the allegations in Sourgoutsis's complaint, and maintained that she was terminated for a legitimate, nondiscriminatory reason—namely, that she had repeatedly violated USCP's rules.  (*See generally* Answer, ECF No. 7; Def.'s Mem. in Supp. of Mot. for Summ. J., ECF No. 32-1, at 26.)

On November 4, 2019, the case proceeded to trial (*see* Min. Entry for Nov. 4, 2019), where a jury heard testimony and reviewed evidence that both parties submitted.  During the eight-day trial, Sourgoutsis pursued two alternative theories of liability: that her sex was the but-for cause of her termination, and that USCP impermissibly considered her sex when making its termination decision, *i.e.*, her sex was a motivating factor.  (*See* Trial Tr. 1544:24–1545:8.)  To support these arguments, Sourgoutsis presented evidence of the inconsistent ways that USCP applied its internal policies, and her counsel pointed to the records of numerous male officers who had violated USCP's rules during their probationary periods but were not terminated for their actions.  (*See id*. at 1545:14–1550:4.)  For its part, USCP defended the decision to terminate Sourgoutsis, primarily by presenting testimony from multiple USCP officials regarding Sourgoutsis's lengthy disciplinary record and her failure to meet the police department's core expectations.  (*See id.* at 1564:19–1565:3; *see also id.* at 160:19–21, 1420:3–24.)

The jury rendered its verdict on November 18, 2019.  (*See* Min. Entry of Nov. 18, 2019.)  It found that Sourgoutsis had failed to prove that her sex was a but-for cause of her termination, but that Sourgoutsis *had* demonstrated that her sex was a motivating factor in USCP's termination decision.  (*See* Verdict Form at 1.)  However, the jury also found that USCP had proven the affirmative defense that it would have taken the same action absent any consideration of Sourgoutsis's sex.  (*See id.*)  Based on these findings, the Court entered judgment in USCP's favor.  (*See* Clerk's J. on Verdict, ECF No. 144, at 1.)

Sourgoutsis filed the present motion on November 25, 2019, seeking a permanent injunction against any future discrimination by USCP.  (*See* Pl.'s Mot. for Inj. Relief, ECF No. 142, at 1.)  Specifically, Sourgoutsis asks the Court to issue an order that (1) prohibits USCP from discriminating against applicants or employees on the basis of sex; (2) compels USCP to "create a plan preventing any future discrimination against female applicants" and employees; and (3) requires USCP to "implement" and "provide [] mandatory diversity training" for all employees, managers, and supervisors.  (*See* Pl.'s Mem. at 4.)  Sourgoutsis additionally requests "[s]uch other relief as may be just and proper."  (*Id.*)  As a basis for her requested relief, Sourgoutsis emphasizes the jury's finding that her sex was a motivating factor in USCP's termination decision, and further contends that USCP has failed to take sufficient steps to prevent future discrimination. (*See id.* at 2–3.)  Sourgoutsis also argues that an injunction is necessary to stop "[t]he broad discrimination at USCP[.]" (*See id.* at 3.)  To support this position, Sourgoutsis attaches the declaration of Jodi Breiterman, a current USCP employee who has a lawsuit pending against USCP for gender discrimination and retaliation (*see* Decl.

4

of Jodi Breiterman, Ex. 2 to Pl.'s Mot. ("Breiterman Decl."), ECF No. 142-3, ¶ 1), and who avers that USCP "continues to discriminate against women" and has failed to "make any changes to its training, management, or policies related to [] anti-discrimination" (*see id.* ¶ 2).

In opposition to Sourgoutsis's motion, USCP argues that Sourgoutsis cannot show "a reasonable expectation . . . that the discriminatory conduct alleged is likely to recur" because Sourgoutsis has not been employed by USCP "for nearly four years." (Def.'s Opp'n at 7.)  USCP also contends that USCP has already taken steps to prevent discrimination by implementing anti-discrimination and anti-harassment training for all employees and supervisors, and, therefore, Sourgoutsis's requested relief is not warranted.  (*See id.* at 10–11.)  Finally, USCP maintains that the requested relief is "overly broad[,]" as the jury did not make any findings regarding USCP's alleged discrimination against other employees or applicants.  (*See id.* at 12–14.)  Sourgoutsis responds by insisting that there is "[a] very real, cognizable danger of a reoccurring violation of Title VII[,]" because USCP promoted "the officials who made the discriminatory termination decision[,]" and that she might well be subject to such discrimination in the future, because she has submitted an application for reemployment with USCP.  (*See* Pl.'s Reply to Def.'s Opp'n, ECF No. 148, at 2, 5.)

## II. LEGAL STANDARD

Where, as here, it is established that a plaintiff's sex was a motivating factor in the defendant's employment decision but the defendant would have taken the same action regardless of the plaintiff's sex, the plaintiff may seek limited forms of relief under Title VII, including an injunction aimed at preventing future discrimination by

the defendant.  42 U.S.C. § 2000e–5(g)(2)(B); *see also Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975).  An injunction is not a "mandatory remedy[,]" however, *see Johnson v. Brock*, 810 F.2d 219, 225 (D.C. Cir. 1987), and the court must ensure that any relief awarded is appropriate, given the facts and circumstances of the case at hand, *see Webb v. District of Columbia*, 146 F.3d 964, 976 (D.C. Cir. 1998).

In the context of discrimination claims under Title VII, the appropriateness of injunctive relief will generally turn on whether there is a reasonable expectation that the defendant will engage in discriminatory acts in the future, *see Johnson*, 810 F.2d at 225–26; *Spencer v. Gen. Elec. Co.*, 894 F.2d 651, 660 (4th Cir. 1990), *abrogated on other grounds by Farrar v. Hobby*, 506 U.S. 103 (1992), and whether the injunction is "narrowly tailored to give only the relief to which [the plaintiff is] entitled[,]" *see Jean-Baptiste v. District of Columbia*, 958 F. Supp. 2d 37, 50 (D.D.C. 2013) (internal quotation marks and citation omitted); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (explaining that "the scope of injunctive relief is dictated by the extent of the violation established").

### III.   DISCUSSION

This Court concludes that Sourgoutsis's motion for a permanent injunction must be denied, for two reasons.  First, because the facts and circumstances of her case do not warrant the expansive relief that she seeks, and, second, because the record evidence does not give rise to a reasonable expectation that USCP will discriminate against Sourgoutsis in the future.

To start, the Court notes that Sourgoutsis's requested relief is remarkably broad.  In addition to an order prohibiting "USCP and any and all agents" from discriminating

6

against employees and applicants on the basis of sex, Sourgoutsis also seeks an order requiring USCP to make systemic changes to its policies and practices—for example, by creating a plan to prevent future discrimination against female applicants and employees, and by instituting mandatory diversity training requirements for all employees, managers, and supervisors.  (*See* Pl.'s Mem. at 4.)  But neither the jury's findings nor the evidence presented at trial supports such sweeping relief.  In particular, this was not a case in which the plaintiff alleged widespread, institutionalized discrimination against female employees at USCP.  *See Canup v. Chipman-Union, Inc.*, 123 F.3d 1440, 1444 n.5 (11th Cir. 1997); *Jean-Baptiste*, 958 F. Supp. 2d at 50.  Instead, Sourgoutsis's claims concerned a single employee's allegations of gender discrimination by her superiors, and the jury rendered a verdict that established that Sourgoutsis "alone had been the victim of sex discrimination."  *See Brown v. Trs. of Bos. Univ.*, 891 F.2d 337, 361 (1st Cir. 1989).  Therefore, the jury had no occasion to determine whether USCP had discriminated against *other* female employees, and the evidence presented at trial did not demonstrate extensive discrimination at USCP.  Consequently, there is no legal or factual basis for ordering the specific relief that Sourgoutsis seeks; indeed, any such relief would plainly extend far beyond the "extent of the violation established."  *Califano*, 442 U.S. at 702; *see also Hylind v. Xerox Corp.*, 749 F. Supp. 2d 340, 354 (D. Md. 2010) (rejecting a plaintiff's request for company-wide injunctive relief where the plaintiff's case focused on her "singular experience" of sex discrimination).

   Moreover, even if the Court were to construe Sourgoutsis's motion narrowly and thus only as a request to enjoin USCP from discriminating against *her* in the future,

injunctive relief would still be inappropriate.  Sourgoutsis no longer works at USCP (*see* Decl. of Chrisavgi Sourgoutsis, Ex. 1 to Pl.'s Reply, ECF No. 148-1, ¶ 1), and although she has reapplied for a position there (*see id.* ¶ 3), it is far from clear that she has a realistic chance of being rehired.  During the trial, numerous USCP officials testified not only that Sourgoutsis's continued employment at USCP would pose a serious risk to the safety of others, but also that she had demonstrated an inability to correct or improve her behavior.  (*See, e.g.*, Trial Tr. 163:9–20, 759:19–24, 1420:3–24.)  And based on that testimony, as well as the jury's finding that USCP would have terminated Sourgoutsis regardless of her gender (*see* Verdict Form at 1), it seems highly speculative to presume that Sourgoutsis will work at USCP in the future.

But even if USCP did rehire Sourgoutsis, the record evidence falls far short of substantiating her claim that a "very real, cognizable danger of a reoccurring violation of Title VII exists[.]"  (*See* Pl.'s Reply at 2.)  It might well be true that the individuals who were involved in the decision to terminate Sourgoutsis still work at USCP (*see* Pl.'s Mem. at 2), but there is little indication that those individuals engaged in discriminatory conduct on other occasions or that they would necessarily be involved in any supervision of Sourgoutsis in the future.  Moreover, the evidence at trial did not suggest that these individuals' particular "past practices" in dealing with Sourgoutsis exhibited the type of "callous disregard for the goals of Title VII which necessitate[s] injunctive relief."  *Johnson*, 810 F.2d at 226.  Nor is it evident from the trial record that USCP is likely to discriminate against female applicants, such that an order prohibiting USCP from discriminating against Sougoutsis in the hiring process might be justified.

In resisting the conclusion that injunctive relief is not warranted or appropriate given the facts and circumstances presented here, Sourgoutsis maintains that injunctions are a "typical" remedy in Title VII cases (*see* Pl.'s Mem. at 2), even when the plaintiff no longer works for the defendant (*see* Pl.'s Reply at 5), and additionally contends that an injunction is *particularly* warranted in this case, because "USCP has historically paid no heed to statutes and regulations regarding discrimination" (*see id.* at 1). She also asserts that the alleged ongoing discrimination referenced in Jodi Breiterman's declaration makes clear that, "without a court order[,]" USCP "will not amend its practices to comply with the law" (*see id.* at 4).

There are at least two problems with these arguments. First, while courts frequently award injunctions in Title VII cases where the plaintiff has demonstrated widespread discrimination, *see, e.g.*, *E.E.O.C. v. Gurnee Inn Corp.*, 914 F.2d 815, 817 (7th Cir. 1990); *Jean-Baptiste*, 958 F. Supp. 2d at 50, or where the defendant's past practices create genuine concerns of future discrimination against the plaintiff, *see, e.g.*, *Burke v. Mattis*, No. 16-cv-1256, 2018 WL 7017410, at *1 (E.D. Va. Jan. 22, 2018); *Mitchell v. Sec'y of Com.*, 715 F. Supp. 409, 410 (D.D.C. 1989), those factors are nonexistent in this case for the reasons explained above. What is more, Sourgoutsis has failed to cite a single case in which a court has ordered injunctive relief under circumstances similar to the ones at issue here—*i.e.*, where the defendant has proven that it would have taken the same action regardless of the plaintiff's gender, and where the evidence suggests that the plaintiff's own misconduct contributed to the adverse employment action. *See Sheppard v. Riverview Nursing Ctr., Inc.*, 88 F.3d 1332, 1336 (4th Cir. 1996) (explaining that in mixed-motive cases where the defendant has proven

9

its affirmative defense, there are "large differences" between cases that "evidence a widespread or intolerable animus on the part of a defendant" and those that "illustrate primarily the plaintiff's unacceptable conduct which, by definition, will have justified the action taken by the defendant"); *see also Canup*, 123 F.3d at 1444 (noting that "an 'innocent' employee whose conduct played no role in his termination (e.g., reduction in force cases) stands in a different situation than one who engages in misconduct"). Thus, the Court is not persuaded that injunctions are a "typical" remedy *in discrimination suits of this nature*, and Sourgoutsis's reliance on distinguishable cases does little to establish her entitlement to injunctive relief.

Second, although Sourgoutsis attempts to bolster her request for relief by claiming that USCP has flouted anti-discrimination laws for multiple decades and that its discrimination against female employees is ongoing (*see, e.g.*, Pl.'s Reply at 1, 4), neither of these contentions is supported by the evidence presented at trial.  There is simply no evidence that establishes, or corroborates, Sourgoutsis's claim regarding USCP's historic noncompliance with anti-discrimination laws.  And while Jodi Breiterman has submitted a declaration alleging that USCP continually discriminates against female employees, and that USCP has not taken any steps to prevent discrimination in the future, Breiterman did not provide the jury with any information about USCP's allegedly discriminatory practices when she testified during the trial (*compare* Breiterman Decl. ¶¶ 2–3, *with* Trial Tr. 831:21–847:21), and no factfinder has had the opportunity to assess the credibility of Breiterman's assertions or to weigh them against any conflicting evidence concerning USCP's current practices (*see* Decl. of Kelly M. Scindian, Ex. 1 to Def.'s Opp'n, ECF No. 145-1, ¶¶ 6–14 (attesting that,

10

contrary to Breiterman's suggestions otherwise, USCP has instituted various anti-discrimination policies and trainings in the years following Sourgoutsis's termination)). In any event, this Court is of the view that a single declaration, standing alone, cannot overcome the lack of evidence in the trial record of this case concerning the proposition that USCP is likely to discriminate against female employees in the future or that USCP's discrimination against Sourgoutsis is likely to recur.

## IV.   CONCLUSION

As set forth in the accompanying Order, and for the reasons explained above, this Court concludes that Sourgoutsis is not entitled to a permanent injunction against USCP, and that Sourgoutsis's Motion for Injunctive Relief must be **DENIED** as a result.

DATE:  November 24, 2020

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge